■ EDGAR PAUK, Respondent, v BOARD OF TRUSTEES OF THE CITY UNIVERSITY OF NEW YORK, Appellant. — Order, Supreme Court, New York County (Preminger, J.), entered October 18, 1983, granting defendant's motion to dismiss plaintiff's second and third causes of action, and denying the motion to dismiss plaintiff's first cause of action alleging that defendant violated his contractual rights when it denied him tenure and thereafter terminated his employment, modified, on the law, without costs, to grant defendant's motion to dismiss plaintiff's first cause of action, and otherwise affirmed.

In 1967 plaintiff was appointed to the position of lecturer in the Department of Romance Languages in Queens College, effective September 1, 1967, and thereafter he was reappointed to that position for the three succeeding academic years. Effective September 1, 1970, plaintiff was appointed to the position of assistant professor in the Department of Romance Languages at Queens College, in which position he served for a period of five succeeding years under annual employment contracts, with the exception of the spring semester of 1972, during which plaintiff

was granted a special leave of absence to participate in activities on behalf of his professional union.

In a letter dated October 24, 1975, the president of Queens College informed plaintiff that the college personnel and budget committee of Queens College had recommended against conferring tenure upon him. In a letter dated October 30, 1975 appealing denial of tenure, petitioner alleged in substance that the recommendation had not been based on an evaluation of his merits, but rather was the result of personal animosity towards him among senior faculty members that had been generated by his union activities. The appeal was rejected by the president of Queens College in a letter dated November 14, 1975. In a letter dated November 24, 1975, the provost of Queens College notified plaintiff that his appointment with Queens College would terminate on August 31, 1976.

In a CPLR article 78 proceeding commenced on February 9, 1976, alleging that he had acquired tenure as an assistant professor by virtue of his service in that position for five consecutive years and his appointment for a sixth year, plaintiff sought an order declaring him to be a tenured member of the instructional staff of Queens College and requiring the Board of Higher Education of the City of New York to rescind the letter terminating his employment. An order of Special Term sustaining plaintiff's claim was reversed by this court, which dismissed the petition, and that determination was thereafter affirmed by the Court of Appeals (*see, Pauk v Board of Higher Educ.*, 62 AD2d 660, *affd* 48 NY2d 930).

In August 1979, petitioner instituted a Federal civil rights suit, alleging that the denial of tenure was in retaliation for his union activities and therefore violated his 1st Amendment rights, and further alleging a violation of his contract rights in that there had been a failure to evaluate him on the basis of "merit and fitness", as mandated by NY Constitution, article V, § 6. This action was dismissed as time barred (*Pauk v Board of Trustees*, 79 Civ 2250, SDNY, 1980, Mishler, J., *affd* 654 F2d 856, *cert denied* 455 US 1000).

The present action, setting forth three causes of action, was instituted in October 1981. The first cause of action alleged that the failure to renew plaintiff's employment violated his employment contract, the claim being based on the contention that section 6 of article V mandated that appointments and promotions be made "according to merit and fitness", and that this requirement, although not specifically appearing in his employment contract, was incorporated into the contract as a matter of law. The second cause of action separately alleged a violation of

plaintiff's rights under NY Constitution, article V, § 6 and Education Law § 6212. The third cause of action challenged as unconstitutional the policy that maintains the secrecy of the votes of personnel committees and refuses to inform candidates of the reasons for the nonrenewal of appointments. As relief plaintiff requested, *inter alia,* that his contract be renewed for the academic year 1976-1977, that as a result of such appointment it be declared that he became and remains a tenured member of the instructional staff of Queens College, and that he be made whole for his loss of salary, fringe benefits, pension credit and sabbatical leaves.

Defendant moved for an order dismissing the complaint as failing to state a cause of action, and as barred by the doctrine of res judicata and the Statute of Limitations. In a detailed, comprehensive opinion Special Term granted the motion to dismiss the third and second causes of action, holding that the third cause of action failed to state a cause of action, and that the second cause of action was barred by the doctrine of res judicata since the issues raised in that cause of action could have been presented in the original article 78 proceeding. However, Special Term denied the motion to dismiss the first cause of action, the one asserting a violation of plaintiff's contract rights, concluding that such an action could not have been brought in the article 78 proceeding, and that res judicata was accordingly inapplicable.

We disagree with this latter determination, concluding that the first cause of action is barred by res judicata for essentially the same reasons that led to Special Term's dismissal of the second cause of action, and accordingly modify the order appealed from to reverse the denial of the motion for summary judgment dismissing the first cause of action.

As relevant to the issues presented on this appeal, the principles of law governing the application of res judicata were set forth by the Court of Appeals in *O'Brien v City of Syracuse* (54 NY2d 353, 357-358):

"This State has adopted the transactional analysis approach in deciding *res judicata* issues (*Matter of Reilly v Reid,* 45 NY2d 24). Under this address, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (*id.,* at pp 29-30) * * *

"When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping' * * * the circumstance that the theories involve materially dif-

ferent elements of proof will not justify presenting the claim by two different actions."

Applying these principles to the issues presented on this appeal, it is clear that the relief sought in this action is essentially the same as that sought in the article 78 proceeding previously determined adversely to the plaintiff, and that the claims arise out of the same or related facts. In the article 78 proceeding plaintiff sought an order (1) requiring the defendant herein to rescind its letter of November 24, 1975 purporting to terminate his employment, and (2) declaring plaintiff to be a tenured member of the instructional staff of Queens College. In this action plaintiff seeks an order renewing his employment contract for the academic year 1976-1977, and declaring that as a result of such renewal he became and remains a tenured member of the instructional staff of Queens College.

We think it clear that the legally significant allegations in the first cause of action set forth a claim for relief that could have been presented in the original article 78 proceeding. The principle has long been established that an article 78 proceeding is the appropriate method for presenting a claim that denial of tenure resulted from a violation of rights conferred by the Constitution or statute, "or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *Matter of Bergstein v Board of Educ.*, 34 NY2d 318; *Matter of Gray v Canisius Coll.*, 76 AD2d 30; *cf. Tuller v Central School Dist. No. 1*, 40 NY2d 487). No doubt it is a correct general proposition that article 78 proceedings in the nature of mandamus do not lie to enforce private rights based on contract (*Matter of Corbeau Constr. Corp. v Board of Educ.*, 32 AD2d 958), although it should be observed in passing that the precise parameters of that doctrine are by no means so clear as urged by plaintiff. (*Compare, Matter of Schwab v Bowen*, 41 NY2d 907, *with Matter of Oshinsky v Nicholson*, 55 AD2d 619.) Thus, in *Matter of Schwab v Bowen*, petitioners, in an article 78 proceeding to enjoin the respondents from discharging them, contended that termination of their employment violated the provisions of a collective bargaining agreement. In affirming the dismissal of the petition, the Court of Appeals did so, not on the ground that article 78 was not available for the violation alleged, but rather on the basis that the agreement relied on had expired, thereby terminating on any theory petitioners' rights to reinstatement to their former positions, the primary relief sought, and that damages could not be awarded therefor because they "would not be incidental to primary relief (CPLR 7806)." (*Supra,* p 908.)

In any event, under the circumstances presented here, it is without legal significance that plaintiff chose to state the first

cause of action in terms of a contract violation. It is obvious that no express term of the employment contract was in fact violated. The first cause of action depends entirely upon the theory that the contract necessarily incorporated NY Constitution, article V, § 6, mandating that appointments be based upon merit and fitness. The asserted violation of section 6 of article V was entirely available to plaintiff as a basis for relief in the article 78 proceeding.

In determining that res judicata did not bar the first cause of action, Special Term appears to have been influenced by a concern that the plaintiff would not have been able to recover in the article 78 proceeding the full measure of damages that would have been recoverable in a contract action, thereby invoking the exception to the general rule set forth in Restatement (Second) of Judgments § 26 (1) (c) that applies where a plaintiff is unable to seek a certain remedy or form of relief in the first action. The basis for Special Term's apparent concern is not clear. CPLR 7806 clearly authorizes the court in an article 78 proceeding to grant restitution or damages to the petitioner that are incidental to the primary relief sought, the limitation being that such restitution or damages "must be such as he might otherwise recover on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity." (*See, e.g., Matter of Schwab v Bowen, supra.*) The possibility that the court in an article 78 proceeding might as a matter of discretion grant less by way of restitution or damages than would be recoverable in a contract action seems to us clearly insufficient to invoke the exception recommended in the Restatement (Second) of Judgments to the general rule concerning "splitting" of causes of action. This is particularly true in a situation involving the claim of a former faculty member to be restored to employment, an issue which from every point of view calls for resolution as promptly as possible. (*Cf. Solnick v Whalen,* 49 NY2d 224; *Press v County of Monroe,* 50 NY2d 695.)

Concur — Kupferman, J. P., Sandler, Fein and Milonas, JJ.