OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, for the reasons stated by that court (111 AD2d 17). We add only that, had he prevailed on appeal in the prior article 78 proceeding, plaintiff could have been awarded the loss of salary he is currently seeking, calculated from the date he was no longer employed at Queens College to the date of reinstatement. Under CPLR 7806, the lost salary would have been "incidental to the primary relief sought by petitioner”, i.e., rescission of the letter terminating his employment and an order declaring him to be a tenured member of the Queens *705 College faculty (cf. Matter of Schwab v Bowen, 41 NY2d 907, 908 [damages could not be awarded because primary relief of reinstatement was no longer available to which damages would have been incidental]; but cf. also, Davidson V Capuano, 792 F2d 275 [compensatory and punitive damages and attorney’s fees plaintiff is seeking under 42 USC § 3988 cannot be deemed incidental to relief plaintiff was swa^fied in prior article 78 proceeding]). Whether damages are "incidental to the primary relief sought” depends upon the facts of the case (see, Matter of Schwab, supra).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur; Judge Titone taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.