■ ROBERT C. MURPHY, Appellant, v TOWN OF SOUTHAMPTON et al., Respondents.—In an action, *inter alia,* pursuant to 42 USC § 1983, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Hand, J.), dated February 16, 1989, as granted the defendants' motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On February 13, 1987, the plaintiff Robert C. Murphy was discharged from his position as a probationary police officer with the defendant Town of Southampton (hereinafter the Town). On or about March 10, 1987, the Southampton Town Board ratified his dismissal. Thereafter, the plaintiff commenced a proceeding pursuant to CPLR article 78, *inter alia,* to review the Town Board's determination. After the Supreme Court (Baisley, J.) dismissed the plaintiff's first CPLR article 78 petition, without prejudice, the plaintiff served an amended petition seeking reinstatement, and a hearing to determine whether the Town had arbitrarily dismissed him. According to the amended petition, the plaintiff's discharge from employment was in retaliation for his refusal to conceal from his superiors, certain allegations of improper conduct by New York State Police Officers involving a Southampton resident. The amended petition was also dismissed based upon a finding that the plaintiff had been discharged for good cause, for reasons unrelated to the allegations of his amended petition.

The plaintiff then commenced the instant action, *inter alia,* to recover damages under 42 USC § 1983, premised on a deprivation of his right of free speech by the Southampton Town Board's refusal of his request to be permitted to address it while it was considering ratification of his discharge. We find that the court properly dismissed the instant action on collateral estoppel and res judicata grounds.

It is well settled that "once a claim [has been] brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred [by res judicata], even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357). For purposes of collateral estoppel the court considers, *inter alia,* whether the plaintiff had a "full and fair opportunity" to litigate the issue in the prior proceeding *(see, Langdon v WEN Mgt. Co.,* 147 AD2d 450, 451). The instant action, in which the plaintiff asserts that he was denied his right to speak during the Town Board meeting, is premised on a theory that he was entitled to a hearing concerning his discharge. This was essentially the theory of his petition in the prior CPLR article 78 proceeding, which was dismissed on the merits.

The instant claim arose from the same factual grouping as underlay the prior proceeding, and the plaintiff had a full and fair opportunity to litigate the issue in the prior proceeding. Probationary employment may be terminated without a hearing and without a statement of the reasons therefor, in the

absence of any demonstration that the dismissal was made in bad faith or was unconstitutional *(see, Matter of York v McGuire,* 63 NY2d 760; *Matter of Dozier v New York City,* 130 AD2d 128). Once the court determined in the course of the CPLR article 78 proceeding that the plaintiff had been discharged from employment for good cause, he was barred from seeking ancillary relief in a subsequent action to recover damages for the allegedly improper discharge. Therefore, the plaintiff's complaint was properly dismissed *(cf., Matter of Gross v Perales,* 72 NY2d 231; *Pauk v Board of Trustees,* 111 AD2d 17, *affd* 68 NY2d 702). Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.