■ TERENCE W. MURPHY, Appellant, v SALLY CAPONE et al., Respondents. [595 NYS2d 526] —In an action, inter alia, to recover damage for injurious falsehood and wrongful interference with prospective economic advantage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 8, 1991, which denied his motion for partial summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendants' motion for summary judgment, and substituting therefor a provision denying the defendants' motion for summary judgment; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff brought a proceeding pursuant to CPLR article 78 against, inter alia, the defendant St. Agnes Hospital, which suspended him from his position as an anesthesiologist on its medical staff. The Supreme Court, Westchester County (Dickinson, J.), vacated the summary suspension of the plaintiff's privileges, and this Court affirmed (see, Matter of Murphy v St.

*Agnes Hosp.,* 107 AD2d 685). The plaintiff then brought a proceeding pursuant to CPLR article 78 for loss of income and injury to reputation in connection with the previously-adjudicated special proceeding. The Supreme Court, Westchester County (Meehan, J.), denied the plaintiff's request on the basis that Justice Dickinson's decision was dispositive of the issue of "incidental damages". In addition, the plaintiff brought an action, *inter alia,* to recover damages for defamation against Robert Herfort, individually, who was chairperson of the Joint Conference Committee of St. Agnes Hospital, as well as president of the medical staff and assistant chief of surgery at St. Agnes Hospital, but who is not a party to the instant action. After a nonjury trial, the court dismissed the complaint. This Court affirmed that determination on the basis that there was no showing that Herfort doubted the truth of any of the statements he was proven to have made, or that he was motivated by a desire to injure the plaintiff *(see, Murphy v Herfort,* 140 AD2d 415).

Thereafter, the plaintiff commenced the instant action, *inter alia,* to recover damages for wrongful interference with prospective economic advantage against the defendant hospital, based entirely on the prior determination of Justice Dickinson that his suspension was unlawful, and loss of economic advantage as against all of the defendants. In the order appealed from, the Supreme Court found that the plaintiff was collaterally estopped from raising the issue of damages because those issues should have been raised in the prior proceedings pursuant to CPLR article 78 and in *Murphy v Herfort (supra)* and granted the defendants' cross motion for summary judgment dismissing the complaint.

On appeal, the plaintiff contends that the doctrine of collateral estoppel should not preclude him from litigating the issue of consequential damages, since only incidental damages may be recovered in proceedings pursuant to CPLR article 78 *(see,* CPLR 7806). Under CPLR 7806, "[a]ny restitution or damages granted to the petitioner must be incidental to the primary relief sought by the petitioner" if damages are recoverable on the same set of facts in a separate action or proceeding (CPLR 7806). Whether damages are "incidental to the primary relief sought" depends upon the facts of the case *(see, e.g., Matter of Schwab v Bowen,* 41 NY2d 907, 908; *D.B.C.G., Inc. v Town of Ramapo,* 97 AD2d 533; *Matter of Golomb v Board of Educ.,* 92 AD2d 256; *cf., Matter of Gross v Perales,* 72 NY2d 231; *Pauk v Board of Trustees,* 111 AD2d 17, *affd* 68 NY2d 702). The plaintiff's causes of action to recover damages were not inci-

dental to the primary relief requested in the first proceeding pursuant to CPLR article 78, to wit, reinstatement. It would be unjust and unfair to preclude the plaintiff from litigating the damages issues based upon the prior proceedings pursuant to CPLR article 78, since the law permits only the recovery of incidental damages in such proceedings *(see,* CPLR 7806). Therefore, the doctrine of collateral estoppel is inapplicable herein *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 501).

Further, the court properly denied the plaintiff's motion for partial summary judgment. The only basis for the plaintiff's motion was based on the determination in the first proceeding pursuant to CPLR article 78 which found that he had been unlawfully suspended from his staff privileges as an anesthesiologist at St. Agnes Hospital. While there may be an identity of issues between the prior litigation and the present action, the determination in that case is not decisive of the present action, since the defendants were not afforded a full and fair opportunity to litigate the issue of the plaintiff's alleged loss of reputation in that case *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, *supra).*

In light of our determination, we need not reach the remaining contentions. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.