■ In the Matter of RONALD LUSKER, Appellant, v CITY OF NEW YORK et al., Respondents, and MARCI ZELMANOFF, Intervenor-Respondent. [599 NYS2d 575] —Judgment (denominated an order), Supreme Court, New York County (David Saxe, J.), entered February 21, 1992, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination granting intervenor's application for protection under Multiple Dwelling Law article 7-C, and dismissed the petition, unanimously affirmed, without costs.

Intervenor's waiver of rights under article 7-C that petitioner claims is to be found in his June 12, 1983 agreement with intervenor rests on doubtful or equivocal acts or language, and is otherwise not sufficiently established to warrant rejection of respondent's finding that there was no such waiver (see, Matter of East 56th Plaza v Abrams, 91 AD2d 1129, 1130).

We have not considered such of petitioner's arguments that are based on facts dehors the record (see, American Express Bank v Uniroyal, Inc., 164 AD2d 275, 277, lv denied 77 NY2d 807), or which were not presented in the administrative proceeding (see, Brusco v New York State Div. of Hous. & Community Renewal, 170 AD2d 184, 185, appeal dismissed 77 NY2d 939, cert denied — US —, 112 S Ct 172). Nor do we make any determination of private rights based on contract (see, Pauk v Board of Trustees, 111 AD2d 17, 20, affd 68 NY2d 702). We do note, however, that petitioner is not precluded from asserting his contract rights, if any, in the related plenary action, which the IAS Court properly declined to consolidate with the instant proceeding.

We have considered the remaining arguments and find them to be without merit. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.