■ RONALD K. NATOLI, Appellant, v CITY OF KINGSTON et al., Respondents. [600 NYS2d 780] —Mahoney, J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered March 20, 1992 in Ulster County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

In *Matter of Riggins v Regan* (167 AD2d 802), we upheld a Comptroller's determination which disapproved a 1987 performance of duty disability retirement application filed by defendant City of Kingston Police Chief John Riggins on behalf of plaintiff, a police officer with defendant City of Kingston who had been on disability leave since 1971. As a result, the City became obligated to restore plaintiff to the payroll as a police officer for the period January 6, 1988 to September 12, 1989, the date of his formal retirement.

The City's failure to make any monetary restitution prompted a February 1991 application by plaintiff to compel the City to pay him his back salary with longevity increments and interest along with reimbursement for medical, dental and life insurance premiums, and vacation and sick leave credits for the period. Of the relief requested, Supreme Court concluded that plaintiff was entitled to reimbursement only for medical insurance premiums that he had paid out of pocket for the relevant period and back salary with applicable longevity increments, less any disability retirement benefits he received during the period, along with interest at the statutory rate. While Supreme Court set a 30-day time limitation upon payment of medical insurance premiums, no outside time limit was set on the salary and interest payout. Prior to the time Supreme Court signed an order implementing its decision, the City paid plaintiff his back salary and medical

insurance premiums, leaving only the interest obligation outstanding.

Shortly after or simultaneous with Supreme Court's execution of an order on the February 1991 motion (hereinafter the June 1991 order), plaintiff commenced the instant action against the City, Riggins and defendants James W. Roemer, Jr. and Elayne G. Gold, the City's attorneys. The complaint stated two claims. As against the City, plaintiff again sought recovery of the interest, medical and dental insurance payments involved in the February 1991 litigation, and in addition claimed entitlement to contributions the City should have made to the State retirement system on plaintiff's behalf during the period in question (hereinafter the restitution claims). As against all defendants plaintiff sought damages for mental anguish, claiming that the delay in making full restitution was the result of their combined intentional or grossly negligent acts (hereinafter the emotional injury claim). Following joinder of issue, defendants moved for summary judgment dismissing the complaint, arguing that the emotional injury claim lacked merit as a matter of law and that plaintiff has been fully reimbursed on the restitution claims with the exception of the interest, which it claimed to be in the process of calculating. Supreme Court granted the motion. Plaintiff appeals.

We affirm. Addressing first the emotional injury claims, it is clear that in order to constitute a cognizable cause of action for intentional infliction of emotional distress, the proponent must show that the defendant engaged in extreme and outrageous conduct and that such conduct intentionally or recklessly caused severe emotional distress (see, e.g., Howell v New York Post Co., 81 NY2d 115, 121-122). Construing the allegations in the complaint most favorably to plaintiff and supplementing them with the affidavit submitted by him in opposition to the summary judgment motion, the outrageous conduct appears to be certain statements or alleged misstatements made by Riggins, Roemer and Gold which plaintiff contends are reflective of a personal campaign to prevent him from being restored to the payroll and to delay making restitution. Apart from the fact that these allegations fall far short of the outrageousness necessary to state an emotional injury claim (see, supra), both the pleadings and the affidavit are devoid of any indication that plaintiff actually suffered any emotional distress as a result of defendants' alleged actions. Nor is the claim sustainable if viewed as alleging negligent infliction of emotional distress (see, e.g., Johnson v State of New York, 37

NY2d 378, 383-384; *Fusco v General Motors Corp.,* 126 Misc 2d 998; *see generally, Kennedy v McKesson,* 58 NY2d 500).

Turning to the restitution claims and addressing them seriatim, we note initially that the claim for dental benefit reimbursement was litigated in the February 1991 application. Supreme Court concluded that the City had maintained full dental coverage for plaintiff throughout the relevant period and ordered it only to furnish him with proof of coverage so that he could submit his claims thereunder. The City has supplied this proof and plaintiff, having not appealed from this order, is bound by it. The claim for retirement contributions, inasmuch as it could have been raised in the prior proceeding, similarly is barred *(see, e.g., Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304). The remaining two restitution claims, i.e., medical insurance reimbursement and interest on back salary, likewise were litigated in the February 1991 motion and resulted in a June 1991 order in plaintiff's favor. While it is unclear why plaintiff seeks to relitigate that which he already has been successful in obtaining, it appears from a reading of his opposition papers and brief on appeal that these claims were included as a means of effecting enforcement. However, apart from the fact that the medical insurance claim appears to be moot inasmuch as the City proffered plaintiff a check in the amount of $304.67 in full satisfaction of the medical insurance claim which he evidently has accepted without recourse, plaintiff's remedy is not to commence another plenary action but to move to compel compliance with the June 1991 order by resort to one of the enforcement mechanisms of CPLR article 52, if available, or to seek enforcement by contempt. Moreover, in view of the specific notice and content requirements attendant to a contempt proceeding (Judiciary Law § 756), combined with the fact that it is unclear from this record whether the June 1991 order was ever entered and, if it was, whether a copy thereof with notice of entry was served upon the City, we decline to convert this action into an enforcement proceeding.

With regard to defendants' request for monetary sanctions, while plaintiff's commencement of a separate plenary action as a means of enforcing the June 1991 order may have been improvident, in view of the conceded fact that two years have elapsed since Supreme Court signed the order and the City still is not totally in compliance therewith, it cannot be said that the underlying basis for the complaint is so lacking in factual or legal merit as to be frivolous *(see, Matter of Minister*

*of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411). Accordingly, the request for sanctions is denied.

We have examined plaintiff's remaining contention and find it to be unpreserved for review.

Weiss, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order and judgment is affirmed, without costs.