■ BROOKLYN WELDING CORPORATION, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendant. BROOKLYN WELDING CORPORATION, Respondent, v CITY OF NEW YORK et al., Defendants, and TISHMAN CONSTRUCTION COMPANY, as Agent for the City of New York, Appellant. [604 NYS2d 87] — Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about August 10, 1992, which, *inter alia,* dismissed the Third, Sixth, Ninth and Tenth causes of action of the complaint without prejudice to replead as to the City pursuant to section 7-201 of the Administrative Code of the City of New York, unanimously reversed to the extent appealed from, on the law, and the City's cross-motion for summary judgment dismissing the Third, Sixth, Ninth and Tenth causes of action is granted, without leave to replead, without costs.

Order, of the same court, entered February 17, 1993, which denied Tishman's motion to renew that portion of the court's August 10, 1992 order which dismissed the Third, Sixth, Ninth and Tenth causes of action without prejudice to replead as to Tishman in a manner consistent with the court's decision, dated April 21, 1992, unanimously reversed, on the law, renewal granted and, upon renewal, Tishman's cross-motion for summary judgment dismissing those causes of action is granted, without leave to replead, without costs.

This State has adopted the transactional analysis approach in deciding res judicata issues *(Matter of Reilly v Reid,* 45 NY2d 24). Under this principle, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking a different remedy *(O'Brien v City of Syracuse,* 54 NY2d 353, 357). The IAS Court acted properly in dismissing the claims sounding in breach of

contract and fraud as being judicially precluded by the unsuccessful article 78 proceeding brought by plaintiff in Kings County to annul HPD's March 26, 1991 determination of default. While it cannot be said that the court in that proceeding addressed the issues raised by plaintiff in this action in a manner that would warrant invocation of collateral estoppel, the claims of mutual or unilateral mistake and those seeking reformation or rescission of the contract, which the IAS Court granted plaintiff leave to replead, arise out of the same occurrences as those that were or could have been litigated in the proceeding to annul the determination of default under the terms of the contract. It should matter not that such claims arise under different theories or that different remedies are sought (O'Brien v City of Syracuse, supra; Coleman v Chaibane Props., 188 AD2d 413, lv dismissed 81 NY2d 1007). The article 78 proceeding clearly encompassed the matter of the terms of the contracts, whether plaintiff had breached them and whether plaintiff could reasonably have relied on purported oral representations made by the City's agent Tishman concerning prevailing wages and scope of work, as evidenced by the minutes of the default hearing of March 15, 1991. In dismissing that proceeding, Justice Shaw specifically held that plaintiff could not rely on any alleged representation made by Tishman on behalf of HPD to the contrary inasmuch as the contracts contained a provision stating that the contracts could not be modified orally.

Here, plaintiff's primary assertion is that the contracts' terms of scope of work and payment of prevailing wages had been altered in order to induce it to reduce its bid prices. These asserted changes arose from the same pre-contractual negotiation at issue in the article 78 proceeding. Inasmuch as plaintiff's mistake claims arose out of the same events surrounding formation of the contracts, it was incumbent upon it to raise them in the article 78 proceeding too, rather than take a piecemeal approach with the hope, conscious or not, of getting a second bite at the apple in a different forum. Had plaintiff prevailed in the article 78 action, it likely would have attempted to use said victory to prevail in this action.

That the res judicata defense relies on a prior article 78 proceeding is of no consequence to its application (see, Beth Rifka, Inc. v State of New York, 114 AD2d 560; see, e.g., Pauk v Board of Trustees, 68 NY2d 702, affg 111 AD2d 17). Moreover, the IAS Court's reliance on Smith v Kirkpatrick (305 NY 66) was erroneous in that the Court of Appeals in O'Brien (54 NY2d, supra, at 358, n 1) held that "[t]o the extent Smith v

*Kirkpatrick* * * * may be to the contrary [of the transactional analysis approach adopted by the Court of Appeals], it is overruled".

In sum, defendants are entitled, under the principle of res judicata, to summary judgment dismissing all the claims without leave to replead. Concur—Sullivan, J. P., Wallach, Kupferman and Nardelli, JJ.