■ In the Matter of JEANNE R. PAMILLA, Appellant, v HOSPITAL FOR SPECIAL SURGERY, Respondent. JEANNE R. PAMILLA, Appellant, v HOSPITAL FOR SPECIAL SURGERY et al., Respondents. [637 NYS2d 689] —Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered on or about January 5, 1994, which denied petitioner physician's application pursuant to CPLR article 78 to annul respondent hospital's determination restricting petitioner's staff privileges and dismissed the petition, and order, same court (Beatrice Shainswit, J.), entered June 22, 1994, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The IAS Court in the article 78 proceeding correctly determined that respondent hospital had substantially complied with the disciplinary procedures contained in its by-laws (see, Tedeschi v Wagner Coll., 49 NY2d 652, 660). Petitioner was accorded a hearing before an ad hoc committee of the Medical Board, review by the full Medical Board, review by the Board of Trustees, and a final determination by the Executive Committee of the Board of Trustees. The by-laws do not mandate that a hearing by the full Medical Board be conducted before the ad hoc committee's hearing. The hospital also provided notice of the patients and charts that would be discussed at petitioner's hearing, and allowed petitioner's attorneys to be present at all stages of the hearings to consult with petitioner and prepare her for the hearings, to make opening and closing statements and unlimited written submissions.

Plaintiff is collaterally estopped from claiming in her action for damages that the hospital's disregard of its own by-laws was a breach of its contract with her, the court in the prior article 78 proceeding having finally determined that there was substantial compliance with the by-laws (*see, Murphy v Town of Southampton*, 168 AD2d 545, 546). Absent a breach of that contract, there can be no claim that the individual defendants tortiously interfered with it (*see, Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 213).

Nor does plaintiff state a cause of action for tortious interference with prospective economic advantage absent allegations that defendants were motivated solely by malice or effected the interference by unlawful means. Indeed, there are allegations that they were at least partially motivated by their own self-interest (*see, Matter of Entertainment Partners Group v Davis*, 198 AD2d 63, 64). We have reviewed appellant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.