◼ In the Matter of RICHARD A. WEST, Respondent, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Appellant. [645 NYS2d 619] —Mercure, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered March 27, 1995 in Otsego County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination denying petitioner's request for reinstatement to his position, back pay and benefits.

Petitioner was employed by respondent from 1981 to 1994, most recently in the position of bridge repair assistant. During the winter months, petitioner's job responsibilities included the operation of a snow plow and other heavy machinery during the night shift hours of 9:30 P.M. to 6:00 A.M. In December 1993, petitioner developed a condition known as "seasonal affective disorder", which caused him to suffer anxiety and depression, allegedly rendering him incapable of performing his duties during the night shift. Petitioner was absent from work without authorization for 15 days between December 12, 1993 through January 2, 1994, apparently due to his psychiatric disorder.

Petitioner sought treatment from physician Paul Tirrell, commencing December 8, 1993. In mid-December 1993, Tirrell submitted a medical report and letter to petitioner's supervisor, informing him of petitioner's disorder and of the treatment he was receiving. In a letter dated January 14, 1994, Tirrell advised petitioner's supervisor that petitioner was capable of returning to work provided that he was assigned to the day shift.

Respondent sent petitioner a notice of discipline on January 7, 1994, charging him with 15 unauthorized absences between December 12, 1993 and January 2, 1994 and notifying peti-

tioner that the proposed penalty was termination. Petitioner filed a timely appeal and a hearing was scheduled for March 7, 1994. Petitioner remained absent from work and received a second notice of discipline on February 22, 1994, charging him with unauthorized absences on 12 days between February 7, 1994 and February 22, 1994 and again citing the proposed penalty of termination. Petitioner did not appeal from this notice, having been informed by his union representative that the hearing on the first notice of discipline would encompass the second as well. Nonetheless, on March 17, 1994 petitioner was terminated, effective February 4, 1994.

In November 1994, an administrative hearing was held on the first notice of discipline, resulting in a decision finding that the penalty of termination was excessive and imposing instead the penalty of one week's suspension without pay. Petitioner then commenced this CPLR article 78 proceeding seeking reinstatement, back pay and benefits. Supreme Court granted petitioner's application. Respondent appeals, contending that petitioner's failure to file an appeal from the second notice of discipline bars him from bringing this proceeding on the ground that petitioner failed to exhaust his administrative remedies.

We disagree. Petitioner grieved the first notice of discipline, which included the proposed penalty of termination, in a timely manner. Before a hearing had been held on that grievance, however, respondent served petitioner with a second notice of discipline. As evidenced by the letters and reports mailed to respondent by petitioner's physicians between December 1993 and March 1994, the same psychiatric disorder was responsible for each of the absences cited in each notice of discipline.

Under the circumstances present here, we conclude that petitioner's failure to file a specific grievance with regard to the February 22, 1994 notice of discipline neither warranted a summary termination of his employment nor barred the present CPLR article 78 proceeding. There is no dispute that all of petitioner's absences during the period encompassed by the two notices of discipline arose out of the same psychiatric condition. It is also undisputed that petitioner received the second notice of discipline at a time when a hearing had already been scheduled on the first notice of discipline. Under the circumstances, petitioner was entitled to believe that the purpose for the scheduled hearing was to determine whether, in light of the medical reports that had been submitted, his absences were unauthorized and that the second notice was merely sup-

plementary to the first, expanding its scope to cover subsequent absences. Respondent's current claim that the two notices of discipline implicated entirely different issues was not advanced before Supreme Court and is not supported by the record. We accordingly affirm Supreme Court's judgment granting petitioner's application for reinstatement, back pay and benefits from February 4, 1994, excluding the previously imposed penalty of one week's suspension without pay.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.