■ M.T.F. INDUSTRIES, INC., Appellant, v CITY OF NEW YORK, Respondent. CITY OF NEW YORK, Respondent, v AETNA CASUALTY AND SURETY COMPANY et al., Appellants. [658 NYS2d 291] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered June 28, 1996, which, in an action for breach of contract by a contractor against the City, and an action by the City for specific performance against the contractor's sureties, dismissed the contractor's complaint in the first action

and the sureties' counterclaims in the second action alleging the City's breach of the contract, unanimously affirmed, without costs.

The subject contract provides that the City can declare the contractor in default after affording an opportunity to be heard on two days notice. Notice having been given, and the default hearing having resulted in a determination that the contractor had defaulted, the contractor's only course was to challenge that determination in a CPLR article 78 proceeding, not in an action for breach of contract. Accordingly, the contractor's claims and the sureties' counterclaims against the City, which arise out of the same transaction as that involved in the default hearing, are barred by res judicata and were properly dismissed (*see, Brooklyn Welding Corp. v City of New York*, 198 AD2d 189, *lv dismissed* 83 NY2d 795). We have considered appellants' other arguments, including that the City could not initiate its default hearing after the contractor had already commenced its action for breach of contract, and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Mazzarelli, JJ.