■ SHARON LaDUKE, Appellant-Respondent, v SANDRA LYONS et al., Respondents-Appellants. [673 NYS2d 240] —Spain, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered May 15, 1997 in St. Lawrence County, which, *inter alia*, partially denied defendants' motion for summary judgment.

Plaintiff was terminated from her employment as nurse manager of the critical care unit at defendant A. Barton Hepburn Hospital after it was alleged that she euthanized a patient under her care (*see, Matter of LaDuke v Hepburn Med. Ctr.*, 239 AD2d 750, *lv denied* 91 NY2d 802). Plaintiff thereafter commenced a proceeding pursuant to CPLR article 78 seeking review of the hospital's determination. This Court affirmed Supreme Court's judgment dismissing the petition on the ground that plaintiff was an at-will employee who could be

terminated without cause (*id.*). While that appeal was pending, plaintiff commenced this plenary action against the hospital and its employees, defendants Sandra Lyons, Carol Sutkus, Caroline Haines and Donald Lewis (hereinafter collectively referred to as the employees), alleging six causes of action. As relevant to this appeal, the first cause of action alleged injurious falsehood against all defendants, the third cause of action alleged prima facie tort against all defendants, the second and fourth causes of action alleged breach of contract and breach of warranty, respectively, against the hospital, and the fifth cause of action alleged intentional infliction of emotional harm against all defendants. In support of the tort claims, plaintiff alleged that the employees falsely reported that she had admitted to euthanizing the patient and that these false statements led to her dismissal.

Defendants then moved pursuant to CPLR 3211 to dismiss the complaint, arguing that the dismissal of the CPLR article 78 proceeding had preclusive effect in this action under the doctrine of res judicata, that the first four causes of action were barred by the doctrine of collateral estoppel and that plaintiff failed to plead outrageous conduct sufficient to support the intentional infliction of emotional harm claim. Plaintiff opposed the motion and cross-moved to, *inter alia*, stay the proceedings pending the appeal of the judgment dismissing the CPLR article 78 proceeding. After converting defendants' motion, at the parties' request, into one for summary judgment, Supreme Court granted partial summary judgment in favor of defendants and dismissed the second, fourth and fifth causes of action in their entirety. Further, the court dismissed the first cause of action against the hospital, denied that portion of plaintiff's cross motion which sought a stay and granted that portion of the cross motion which sought to amend the complaint. Defendants appeal and plaintiff cross-appeals.

We affirm. Although we conclude that the principles of res judicata barred the second cause of action for breach of contract, we do not agree with defendants that the remaining causes of action are also barred. The transactional approach to res judicata provides that "future litigation between the same parties on a cause of action arising out of the same transaction or series of transactions as a cause of action that was raised or could have been raised in a prior proceeding is barred" (*Corvetti v Town of Lake Pleasant*, 227 AD2d 821, 823, *lv denied* 85 NY2d 802; *see, Moss v Medical Liab. Mut. Ins. Co.*, 224 AD2d 762). This rule is inapplicable, however, where plaintiff is statutorily or jurisdictionally precluded from obtaining

complete relief in the first action (*see, Corvetti v Town of Lake Pleasant, supra*, at 823). Because damages recoverable in a CPLR article 78 proceeding are statutorily limited to those damages "incidental to the primary relief sought" and excludes all other claims for monetary damages (CPLR 7806; *see, Pauk v Board of Trustees*, 68 NY2d 702), any subsequent action seeking damages not incidental to the nonmonetary relief sought in the prior proceeding is not precluded by res judicata, regardless of whether the two actions require relitigation of the same issues between the same parties (*see, Matter of Gross v Perales*, 72 NY2d 231; *Pauk v Board of Trustees, supra*; *Murphy v Capone*, 191 AD2d 683, 684). Whether damages are incidental largely depends upon the facts of the case (*see, Murphy v Capone, supra*, at 684) and such damages generally include those which may be recovered only if the challenged determination is found to be irrational (*see, Matter of Awad v State Educ. Dept.*, 240 AD2d 923; *Matter of White [Chatel Assocs.] v Regan*, 171 AD2d 197, *lvs denied* 79 NY2d 754).

Here, the gravamen of the CPLR article 78 proceeding was to review the hospital's determination discharging plaintiff from employment and to obtain reinstatement with monetary relief in the form of back pay and benefits. Had plaintiff succeeded in that proceeding, she would have been permitted to recover back pay and benefits as incidental to the primary relief requested (*see, e.g., Matter of West v New York State Dept. of Transp.*, 229 AD2d 730). In this action, however, plaintiff seeks compensatory damages for various tort causes of action based not upon the hospital's determination, but upon allegedly false statements made by the employees. Compensatory damages for torts such as those alleged in the complaint are recoverable without respect to the rationality of an administrative determination and are therefore not available in a CPLR article 78 proceeding as incidental damages (*see, e.g., Pauk v Board of Trustees, supra*; *Thomas v City of New York*, 239 AD2d 180; *Murphy v Capone, supra*). However, the back pay and benefits sought against the hospital pursuant to the second cause of action would have been awarded to plaintiff as incidental damages had she prevailed in the CPLR article 78 proceeding (*see*, CPLR 7806; *Pauk v Board of Trustees, supra*). As the breach of contract claim and the CPLR article 78 proceeding arise out of plaintiff's termination, involved the same parties and requested virtually identical relief, the principles of res judicata prohibit plaintiff from recovering " 'essentially the same relief for harm arising out of the same or related facts' " (*Pauk v Board of Trustees*, 111 AD2d 17, 19, *affd* 68 NY2d 702, quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357-358).

Next, we reject defendants' contention that the first, second, third, fourth and fifth causes of action should have been dismissed because plaintiff is collaterally estopped from asserting the claims. Notably, defendants failed to preserve their argument with respect to the fifth cause of action by failing to raise it on their motion for summary judgment (*see, O'Brien v Key Bank*, 223 AD2d 830). Moreover, inasmuch as the second cause of action was properly dismissed on res judicata grounds and given that Supreme Court dismissed the fourth cause of action in apparent reliance upon collateral estoppel principles, we need only address the argument with respect to the first and third causes of action. In our view, plaintiff was not collaterally estopped from asserting the first cause of action alleging injurious falsehood and the third cause of action alleging prima facie tort. Collateral estoppel, or issue preclusion, bars a party or one in privity with a party from relitigating issues that have been decided against it in a prior proceeding (*see, Lake George Park Commn. v Salvador*, 245 AD2d 605, 607, *lv dismissed and lv denied* 91 NY2d 939; *Specialty Rests. Corp. v Barry*, 236 AD2d 754). In order to warrant applying the doctrine, the identical issue must have been raised in a prior proceeding in which the party opposing the estoppel had a full and fair opportunity to litigate (*see, Matter of Juan C. v Cortines*, 89 NY2d 659). Here, the first and third causes of action seek damages not recoverable in a CPLR article 78 proceeding; therefore, "[i]t would be unjust and unfair to preclude the plaintiff from litigating the damages issues based upon the prior proceeding[ ] pursuant to CPLR article 78, since the law permits only the recovery of incidental damages in such [a] proceeding[ ]" (*Murphy v Capone*, 191 AD2d 683, 685, *supra*).

We also reject plaintiff's contention that Supreme Court erred in dismissing the fifth cause of action alleging intentional infliction of emotional distress on the ground that she failed to allege that defendants engaged in the outrageous conduct necessary to state such a claim. A cognizable claim for intentional infliction of emotional distress is established where a plaintiff shows that a defendant engaged in outrageous conduct which caused severe emotional distress (*see, Howell v New York Post Co.*, 81 NY2d 115; *see also, Natoli v City of Kingston*, 195 AD2d 861). Moreover, the conduct alleged must "transcend the bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community" (*Klinge v Ithaca Coll.*, 235 AD2d 724, 727).

Here, plaintiff alleges that the employees' conduct in making allegedly false statements accusing her of euthanasia and the

hospital's conduct in basing her termination on those statements and in advising the District Attorney about the alleged criminal behavior constituted extreme and outrageous behavior sufficient to state a cause of action. While under some circumstances threats of unjustified criminal charges or an employer's abuse of power may rise to the level of outrageousness (*see, Vasarhelyi v New School for Social Research*, 230 AD2d 658), the record supports defendants' assertion that they were obligated to report the incident to the hospital, which in turn was required to investigate the matter and contact the proper authorities (*see, Klinge v Ithaca Coll., supra; Natoli v City of Kingston, supra*, at 862). Furthermore, even assuming the truth of the allegation that the employees intentionally relayed false information to the hospital, the conduct was not sufficiently outrageous to state a cause of action for intentional infliction of emotional distress (*see, Natoli v City of Kingston, supra*).

Finally, we conclude that Supreme Court properly dismissed the first cause of action against the hospital. It is well settled that an employer may not be held liable for the wrongful discharge of an at-will employee (*see, Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406; *Ingle v Glamore Motor Sales*, 73 NY2d 183) and that such an employee may not circumvent this rule by using other causes of action to substitute for such a claim (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 297; *Brooks v Blue Cross*, 190 AD2d 894, 895). Clearly, the hospital's alleged conduct was "too closely related to the wrongful termination alleged to stand as a distinct cause of action" (*Brooks v Blue Cross*, 190 AD2d 894, 895, *supra*).

We have reviewed defendants' remaining contention regarding qualified privilege and find it to be unpreserved for appellate review.

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.