■ BONNIE L. DOBKIN, M.D., Respondent-Appellant, v NEW YORK UNIVERSITY et al., Appellants-Respondents. [717 NYS2d 173] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 10, 2000, which, to the extent appealed and cross-appealed from as limited by the briefs, granted plaintiff's motion to reargue and renew to the extent of reinstating her previously dismissed cause of action for breach of contract, granted in part and denied in part plaintiff's motion to amend her complaint to add causes of action in defamation, and denied plaintiff's motion to replead her previously dismissed cause of action for tortious interference, unanimously modified, on the law and the facts, to deny reinstatement of plaintiff's cause of action for breach of contract and grant plaintiff's motion to amend her complaint to add her remaining defamation causes of action, and otherwise affirmed, without costs. Cross appeals from order, same court and Justice, entered March 5, 1999, unanimously dismissed, without costs, as superceded by the appeal and cross appeal from the aforesaid February 10, 2000 order.

Plaintiff's cause of action for breach of contract is barred by res judicata since she could have sought incidental damages for breach of contract in her previously litigated petition pursuant to CPLR article 78 (*see, Pauk v Board of Trustees of City Univ.*, 111 AD2d 17, *affd* 68 NY2d 702).

Plaintiff's motion to amend her complaint to add causes of action in defamation should, however, have been granted in toto. The statements upon which her proposed defamation causes of action are premised, reciting specific factual allegations damaging to plaintiff's professional reputation in significant ways, were defamatory, and to the extent that such statements were opinion, they were based on the specific factual incidents alleged, which, plaintiff asserts, were themselves untrue (*see, Parks v Steinbrenner*, 131 AD2d 60, 62-63), as well as on other factual incidents which were impliedly known to the authors but not set forth in their statements (*see, Steinhilber v Alphonse*, 68 NY2d 283, 289). While the complained of statements were qualifiedly privileged, plaintiff's allegations that defendants knew that the statements were false or made

them with a " ' "high degree of awareness of their probable falsity" ' " (*Foster v Churchill*, 87 NY2d 744, 752, quoting *Liberman v Gelstein*, 80 NY2d 429, 438) sufficiently set forth circumstances from which malice depriving the statements of their qualified immunity might be inferred (*id.*).

We have examined the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Williams and Wallach, JJ.