■ In the Matter of LEE POKOIK et al., Appellants, v INCORPORATED VILLAGE OF OCEAN BEACH, Respondent.—In a proceeding pursuant to CPLR article 78 to review the constitutionality of Local Laws, 1986, No. 1 of the Incorporated Village of Ocean Beach, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Abrams, J.), entered March 31, 1987, which dismissed the proceeding on the merits.

Ordered that the judgment is modified by adding provisions thereto (1) converting the proceeding to an action for a declaratory judgment, with the petition deemed the complaint, and the answer previously served deemed the answer thereto, and (2) declaring that Local Laws, 1986, No. 1 of the Incorporated Village of Ocean Beach is valid and constitutional; and as so

modified, the judgment is affirmed, with costs to the respondent.

Prior to the adoption of Local Laws, 1986, No. 1 of the Incorporated Village of Ocean Beach, all real property in the Village of Ocean Beach, a summer community on Fire Island, received three collections of refuse each week during the summer season. On April 26, 1986, the Board of Trustees of the Village of Ocean Beach adopted Local Laws No. 1, which provided that only the Business "C" District would be so serviced beginning with the summer season of 1986. All remaining real property would receive only two refuse collections weekly during the summer season. The law further provided that as a result of the "additional" collection each week, property within the Business "C" District would be subject to a special assessment which would be levied on an ad valorem basis. As a result of the implementation of Local Laws No. 1, the petitioners, who are owners of two commercial properties within the "C" District, experienced a substantial over-all increase in the amount of taxes paid incident to their ownership of the property. The petitioners contend that the special assessment was improper on the grounds that the realty was not benefited by the third day of refuse collection in the summer season; that the law violated their Fourteenth Amendment right to equal protection of the laws; and that the respondent failed to provide them with adequate notice prior to the adoption of the law. They sought a judgment pursuant to CPLR article 78 annulling the special tax assessment provision. The Supreme Court, Suffolk County, dismissed the petition.

Initially, we note that a CPLR article 78 proceeding is not the proper procedural vehicle by which to review the constitutionality of a legislative enactment (see, Matter of Sherman v Frazier, 84 AD2d 401). Hence, we convert the instant proceeding to an action for a declaratory judgment and dispose of it on the merits.

It is well settled that special assessments are presumed to be valid, regular and legal and that the burden of rebutting the presumption falls upon the landowner, who must show that the properties assessed were not in fact benefited (see, Matter of Nolan v Bureau of Assessors, 31 NY2d 90, mot to amend remittitur granted 31 NY2d 696). Furthermore, unless it can be said as a matter of law that the improvement will not under any circumstances increase the value of the parcels deemed benefited, a determination of validity must be sustained (see, Matter of Wright v Town Bd., 41 AD2d 290, affd

33 NY2d 977). In the instant case, the petitioners have failed to meet their burden of demonstrating that their properties were not benefited by the third collection of refuse each week during the summer season. Indeed, the respondent's argument that the additional collection each week enhances property values by promoting sanitary conditions is both rational and persuasive.

Moreover, the challenged local law does not violate the petitioners' Fourteenth Amendment right to equal protection as a rational basis exists for the different treatment accorded the Business "C" District property owners. Indeed, the Village Board of Trustees expressly concluded that a third refuse collection per week is essential because the properties within this district generate exceptionally large amounts of rubbish which detract from property values and pose a serious threat to health and safety.

Finally, the notice requirement provided by Village Law § 22-2200 to the effect that notice of the public hearing must be timely published was satisfied by the publication of an announcement of the hearing in a local newspaper 12 days prior to the day on which the hearing was held. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.