■ In the Matter of NEW YORK STATE DORMITORY AUTHORITY, Appellant, v BOARD OF TRUSTEES OF THE HYDE PARK FIRE AND WATER DISTRICT, Respondent. [614 NYS2d 573] —In consolidated proceedings pursuant to CPLR article 78 and Real

484

Property Tax Law article 7 to challenge special benefit assessments levied by the respondent Board of Trustees of the Hyde Park Fire and Water District, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Benson, J.), entered July 11, 1991, which dismissed the proceedings.

Ordered that the judgment is affirmed, with costs.

It is well settled that special assessments are presumed to be valid, regular, and legal, and that the burden of rebutting the presumption falls upon the landowner (see, Matter of Pokoik v Incorporated Vil. of Ocean Beach, 143 AD2d 1021; Matter of Nolan v Bureau of Assessors, 31 NY2d 90). Moreover, a determination by a board with respect to the amount of benefit conferred on properties by improvements involves the exercise of the legislative power which will not be interfered with unless it is shown to be so arbitrary or palpably unjust as to amount to a confiscation of property (see, Baglivi v Town of Highlands, 147 AD2d 432; DWS N. Y. Holdings v County of Dutchess, 110 AD2d 837; Matter of Scarsdale Chateaux RTN v Steyer, 53 AD2d 672, affd 41 NY2d 1043). Here, the petitioners have failed to establish that the assessment system was improper (see, Kermani v Town Bd., 40 NY2d 854).

We find that the New York State Dormitory Authority failed to establish that its property is exempt from this local special benefit assessment pursuant to Public Authorities Law § 1685.

The appellant contends that the 1989 allocation of benefit assessments to certain property of the Culinary Institute of America is arbitrary and capricious. However, the order appealed from only involves the 1990 and 1991 proceedings. Therefore, those issues are not properly before the Court.

We have reviewed the petitioners' remaining contentions and find them to be without merit. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.