OPINION OF THE COURT
Memorandum.
Order dated June 19, 1996, unanimously modified by providing that upon reargument defendant Schaum’s motion to dismiss the complaint is granted and plaintiffs cross motion to amend her complaint is denied and, as so modified, order affirmed without costs.
Appeal from order dated April 15, 1996 unanimously dismissed.
In this action to recover brokerage commissions, the amended complaint contained allegations that defendant Schaum represented the sellers in a contract of sale of the premises, that he knowingly and intentionally assisted in the preparation of the closing documents and that "said sale was deceitful and was an attempt to deprive plaintiff of her justly earned commission.” Another paragraph of the amended complaint alleged that this defendant: "[Kjnowingly, intentionally and maliciously conspired, deceived, agreed and acted in concert to deprive plaintiff of the benefits of the contract entitling her to the broker’s commission, tortiously interfering with her contractual rights.”
The test for sufficiency of complaints was set forth in Cohn v Lionel Corp. (21 NY2d 559, 562). In sum, the pleading is deemed to allege whatever can be implied from its statements by fair intendment, the allegations are assumed to be true and the question is whether there can be fairly gathered from all the averments the requisite allegations of a valid cause of action cognizable by the courts of this State.
Keeping this in mind, the elements of a claim for tortious interference with a contract were recently set forth in Foster v Churchill (87 NY2d 744, 749-750) wherein it was stated: "A claim of tortious interference requires proof of (1) the existence of a valid contract between plaintiff and a third party; (2) the defendant’s knowledge of that contract; (3) the defendant’s intentional procuring of the breach, and (4) damages (Israel v Wood Dolson Co., 1 NY2d 116, 120).”
While it would appear that plaintiff has established the elements listed above, there is another line of cases setting forth *110 a competing theory relevant to defendant’s status as an attorney. In Burger v Brookhaven Med. Arts Bldg. (131 AD2d 622, 624) the Second Department held: "Inasmuch as the relationship created between an attorney and his client is that of principal and agent (see, 6 N.Y Jur 2d, Attorneys at Law § 82, et seq.), an attorney is not liable for inducing his principal to breach a contract with a third person, at least where he is acting on behalf of his principal within the scope of his authority * * * Absent a showing of fraud or collusion, or of a malicious or tortious act, an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client * * * Moreover, it is well established that an essential element of a cause of action to recover damages for intentional interference with contractual relationships is the intentional procurement of a breach by defendant * * * At bar, the plaintiff’s pleadings failed to sufficiently allege that. Block or his law firm acted outside the scope of their authority” (emphasis added). Preparation of pleadings has been found to be within the scope of authority of an attorney so as to defeat a claim of tortious interference with a contract (see, Gifford v Harley, 62 AD2d 5, 7-8).
In the case at bar, the only factual allegations in the verified complaint of the attorney for plaintiff allege that defendant Schaum participated in the closing and that he intentionally and maliciously conspired to deprive her of her commission by tortiously interfering with her contractual rights. Notwithstanding the liberal interpretation that such a complaint is entitled to, it is defective for its failure to allege that defendant acted outside the scope of his authority as an attorney for the sellers. For this reason, the complaint should have been dismissed and the cross motion denied.
The appeal from the order of June 19, 1996 is rendered moot by the determination above.
Kassoff, P. J., Aronin and Scholnick, JJ., concur.