◼ In the Matter of WILLIAM DONOHUE et al., Appellants, v DUTCHESS COUNTY LEGISLATURE et al., Respondents. [717 NYS2d 607] —In a proceeding pursuant to CPLR article 78 to review special benefit assessments levied by the respondent Dutchess County Legislature against the petitioners' property pursuant to County Law § 271, the appeal is from a judgment of the Supreme Court, Dutchess County (LaCava, J.), dated September 14, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners, owners of property in Hyde Park, Dutchess County, seek review of a benefit assessment levied on their property by the respondent Dutchess County Legislature (hereinafter the Legislature) which was intended to pay for water services provided by the respondent Dutchess County Water and Waste Water Authority (hereinafter the DCWWWA). The Supreme Court properly denied the petition and dismissed the proceeding.

There is no merit to the petitioners' claims that they were denied their due process or equal protection rights. The Legislature published timely notice of the public hearings on the benefit assessment in County newspapers as required by County Law § 271 (1). The fact that additional written notice was sent to property owners in a newly-acquired zone of the water district who were unfamiliar with the benefit assessment process does not render the statutory notice inadequate. Furthermore, the petitioners appeared by counsel at the hearing, and filed grievances concerning the assessments with the Legislature.

"It is well settled that special assessments are presumed to be valid, regular and legal and that the burden of rebutting

the presumption falls upon the landowner, who must show that the properties assessed were not in fact benefited" (*Matter of Pokoik v Incorporated Vil. of Ocean Beach,* 143 AD2d 1021, 1022). Here, the petitioners failed to rebut the presumption that the benefit assessments levied against their property were valid (*see, Matter of New York State Dormitory Auth. v Board of Trustees,* 206 AD2d 483, *mod on other grounds* 86 NY2d 72).

In light of our determination, we do not reach the petitioners' claim that the DCWWWA was a necessary party to this proceeding. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.