■ In the Matter of FRANK PASSARO, as Trustee of the Passaro Family Trust, Appellant, v LAKE GEORGE PARK COMMISSION, Respondent. [733 NYS2d 271] —Spain, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered June 27, 2000 in Warren County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as, *inter alia*, untimely.

In January 1999, petitioner applied to respondent for a permit to operate a class A marina and for a permit to modify existing wharfs and moorings at his family's lakefront resort located on Lake George in the Town of Bolton, Warren County. In connection with the marina project, he also applied to the Town of Bolton Zoning Board of Appeals (hereinafter ZBA) for a use variance. In February 1999, the ZBA denied petitioner's application for a use variance to establish a class A marina. Thereafter, in March 1999, respondent informed petitioner that, based on the ZBA's denial of the use variance, he should withdraw his application for the marina permit inasmuch as respondent could not segment its review by holding the marina permit in abeyance while processing the wharf and mooring permit. Petitioner subsequently withdrew the marina permit application and, in November 1999, respondent issued a wharf and mooring permit.

In February 2000, petitioner commenced this CPLR article 78 proceeding seeking to challenge the manner in which respondent reviewed his application for permits to operate a marina and reconfigure existing dock structures at his resort. Specifically, petitioner asserted, *inter alia*, that respondent's suggestion that he withdraw his marina permit amounted to a de facto denial of the permit which was arbitrary and capricious, that respondent changed the rules during its review of the wharf and mooring permit application thereby denying petitioner due process, and that respondent's selective enforcement of its administrative authority violated petitioner's right to equal protection. Respondent moved to dismiss the petition on the grounds of, *inter alia*, untimeliness and lack of justiciability. Supreme Court granted the motion and this appeal ensued.

We affirm. Initially, we agree with Supreme Court that petitioner's challenge to the "denial" of his application for a

permit to operate a marina is barred by the Statute of Limitations. To the extent that petitioner argues that respondent's March 1999 letter, suggesting that he withdraw his marina permit application, is a denial thereof, he had four months from the date of such denial to commence a proceeding pursuant to CPLR article 78 (*see*, CPLR 217; *Yarbough v Franco*, 95 NY2d 342, 346; *Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834). As such, petitioner's commencement of this proceeding in February 2000 was untimely with regard to his marina permit application.

With regard to his wharf and mooring permit application, petitioner asserts that during its pendency respondent twice engaged in reinterpretations which necessitated changes requiring him to construct a larger and more costly dock and boathouse than originally proposed, and that respondent's application process deprived petitioner of knowledge of the applicable standards to be applied to a permit application. As relief, he sought a directive requiring respondent to promulgate a clear application procedure specifically enunciating the standards governing permit applications. Notably, petitioner accepted the wharf and mooring permit issued to him without challenging any of its terms or conditions. Under these facts, petitioner has failed to demonstrate that a genuine legal dispute exists or that, if the requested relief were granted, any benefit would accrue to him (*see*, *Downe v Rothman*, 215 AD2d 716; *Matter of Rubin v New York State Educ. Dept.*, 210 AD2d 550, 551; *Connor v Siebert*, 83 AD2d 698, 699, *affd* 56 NY2d 674). Thus, we agree with Supreme Court that no justiciable controversy exists (*see*, *id.*).*

Finally, petitioner asserts that respondent improperly engaged in selective enforcement of its administrative authority and requested an order directing respondent to treat all applicants equally. To the extent that this claim is based on respondent's "denial" of his marina permit application, it is barred by petitioner's failure to commence the proceeding within the applicable period of limitations. To the extent that this claim is asserted in connection with the wharf and mooring permit application, it is nonjusticiable.

Petitioner's remaining contentions have been examined and

---

* Petitioner claims that respondent's reinterpretations during the permit process caused him to spend money to construct a larger and more costly dock and boathouse. Notably, no claim for money damages was, or properly could have been, asserted in this CPLR article 78 proceeding (*see*, CPLR 7803, 7806; *Matter of NANCO Envtl. Servs. v Jorling*, 172 AD2d 1, 7, *lv denied* 80 NY2d 754; *see generally*, *Matter of Gross v Perales*, 72 NY2d 231, 235).

found to be either lacking in merit or not properly before this Court.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.