■ GEORGE HERTZEL et al., Appellants, v TOWN OF PUTNAM VALLEY, Respondent. [17 NYS3d 42]—

Motion by the respondent, inter alia, for leave to reargue

stated portions of an appeal from an order of the Supreme Court, Putnam County, entered August 1, 2012, which was determined by decision and order of this Court dated October 1, 2014.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted to the extent that reargument is granted and, upon reargument, the decision and order of this Court dated October 1, 2014 (*Hertzel v Town of Putnam Val.*, 121 AD3d 641 [2014]), is recalled and vacated, and the following decision and order is substituted therefor, and the motion is otherwise denied:

In a hybrid action, inter alia, to recover damages for injury to property, and, in effect, proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Putnam Valley dated May 21, 2008, directing the repair or demolition of an unsafe building and retaining wall on certain real property, the plaintiffs/petitioners appeal from an order of the Supreme Court, Putnam County (Lubell, J.), entered August 1, 2012, which granted the defendant/respondent's motion for summary judgment dismissing the complaint/petition.

Ordered that the notice of appeal from so much of the order as granted those branches of the defendant/respondent's motion which were for summary judgment dismissing the causes of action asserted, in effect, pursuant to CPLR article 78 is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant/respondent's motion which were for summary judgment dismissing the first, second, and eighth causes of action, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs/petitioners.

In April 2007, the Peekskill Hollow Brook (hereinafter the brook) flooded and damaged a retaining wall and a garage building (hereinafter the subject property) in the defendant/respondent, Town of Putnam Valley. The garage building, the rear of which bordered the brook, was occupied by an automotive repair business, the plaintiff/petitioner Kappel's Garage, Inc., doing business as George's Super Service (hereinafter Kappel's Garage). The subject property was owned by the

plaintiff/petitioner Valley Corners Realty, Inc. (hereinafter Valley Corners), and both Valley Corners and Kappel's Garage were owned by the plaintiff/petitioner George Hertzel (hereinafter collectively the plaintiffs).

After the April 2007 flooding, the Town inspected the subject property, determined that the retaining wall and the rear portion of the garage building were unsafe, and directed Valley Corners and Hertzel to make repairs. Hertzel shored up the slab of the garage building, which had been undermined, but did not repair either the building's foundation or the retaining wall, despite the Town's repeated demands that he do so.

On May 21, 2008, the Town Board of the Town of Putnam Valley (hereinafter the Town Board), acting pursuant to the Code of the Town of Putnam Valley § 66-11 (hereinafter section 66-11), adopted a resolution (hereinafter the Resolution) finding that the garage building and retaining wall were unsafe and posed a danger to the public. The Town Board based that finding, in part, on the fact that toxic substances were stored on the subject property, both above ground and in underground storage tanks, and that further flooding could cause the retaining wall and the garage building to collapse into the brook. The Town Board further concluded that, if a collapse occurred, toxic substances could be introduced into the brook, which served as part of the drinking water supply for the nearby City of Peekskill. The Town deemed the situation to be an emergency, based in part upon the fact that, pursuant to regulations of the New York State Department of Environmental Conservation, no work along the brook could be performed between October 1 and April 30 in any year, and the concern that, if work was not completed before October 1, 2008, flooding in the spring of 2009 could cause a collapse of the garage building and retaining wall and contaminate the water supply. Accordingly, in the Resolution, the Town Board directed the emergency repair or demolition of the retaining wall and the undermined portion of the garage building. Although the Resolution authorized immediate action, town officials gave Valley Corners and Hertzel until August 4, 2008, to effect repairs themselves.

Valley Corners and Hertzel failed to commence repairs by August 4, 2008, and, on August 5, 2008, the Town put the job out to bid. In September 2008, a contractor employed by the Town demolished the retaining wall and the rear portion of the garage building, rebuilt the retaining wall, and erected a fence and planted arbor vitae along the rear of the property adjacent to the retaining wall. Pursuant to section 66-11, the Town added the cost of these repairs to Valley Corners' tax bill as a special assessment.

In August 2009, the plaintiffs commenced this hybrid action, inter alia, to recover damages for injury to the subject property and, in effect, proceeding pursuant to CPLR article 78 to review the Town Board's adoption of the Resolution and the determination to undertake and charge for the work performed pursuant to the Resolution. The Town moved for summary judgment dismissing the complaint/petition, contending, among other things, that the action/proceeding was time-barred. The Supreme Court determined that the complaint/petition was, in essence, a CPLR article 78 petition, notwithstanding the fact that some causes of action sought money damages. The court granted the Town's motion in its entirety, and directed the dismissal of the complaint/petition as time-barred. The plaintiffs appeal.

In the third, fourth, fifth, sixth, and seventh causes of action, the plaintiffs sought, in effect, to annul the tax assessment referable to the cost of demolition of the retaining wall and rear wall of the building and the rebuilding of the retaining wall and, by implication, sought to annul the Resolution authorizing the demolition and the assessment against the subject property. They likewise contended that the Town failed to give them proper notice and an opportunity to be heard, as required by section 66-11. Since the substance of these causes of action was a challenge to administrative decisions and a special tax assessment, the Supreme Court properly concluded that these causes of action constituted requests for relief pursuant CPLR article 78, regardless of the form in which they were pleaded (*see California Suites, Inc. v Russo Demolition Inc.*, 98 AD3d 144, 153 [2012]). As such, the court correctly determined that the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217) applied to the third, fourth, fifth, sixth, and seventh causes of action. Accordingly, the court properly directed the dismissal of these causes of action as time-barred, since the plaintiffs commenced this hybrid action/proceeding more than four months after the adoption of the Resolution and the imposition of the special tax assessment (*see California Suites, Inc. v Russo Demolition Inc.*, 98 AD3d at 154).

The Supreme Court erred, however, in granting those branches of the Town's motion which were for summary judgment dismissing the first, second, and eighth causes of action. These causes of action assert claims, inter alia, for damages resulting from the destruction of a portion of the garage building and the interruption of the plaintiffs' business. Pursuant to CPLR 7806, where a CPLR article 78 petitioner seeks damages

as well as the annulment of a governmental determination, "[a]ny restitution or damages granted to the petitioner must be incidental to the primary relief sought by the petitioner, and must be such as he [or she] might otherwise recover on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity" (CPLR 7806). "[W]here the thrust of the lawsuit is the review of an adverse . . . agency determination, with the monetary relief incidental, [the] Supreme Court may entertain the entire case under CPLR article 78" (*Matter of Gross v Perales*, 72 NY2d 231, 234 [1988]). "Whether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim, is dependent upon the facts and issues presented in a particular case" (*id.* at 236; *see Murphy v Capone*, 191 AD2d 683, 684 [1993]). Contrary to the Supreme Court's determination, the claims asserted in the first, second, and eighth causes of action were not incidental to the plaintiffs' CPLR article 78 challenges to the Resolution and the special tax assessment (*see generally Metropolitan Taxicab Bd. of Trade v New York City Taxi & Limousine Commn.*, 115 AD3d 521, 522 [2014]; *cf. ABC Radio Network v State of New York Dept. of Taxation & Fin.*, 294 AD2d 213, 214 [2002]; *Matter of Passaro v Lake George Park Commn.*, 288 AD2d 678, 679 n [2001]; *Matter of Adams v Welch*, 272 AD2d 642, 643-644 [2000]; *Murphy v Capone*, 191 AD2d at 684-685; *Matter of Golomb v Board of Educ.*, 92 AD2d 256, 260-261 [1983]). Therefore, these causes of action were not asserted in connection with the CPLR article 78 portion of this hybrid action/proceeding, and were not barred by the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217). Accordingly, the Supreme Court erred in granting those branches of the Town's motion which were for summary judgment dismissing the first, second, and eighth causes of action.

In light of our determination, we need not address the plaintiffs' remaining contentions. Balkin, J.P., Dickerson, Roman and Miller, JJ., concur.