■ T-Rex Hyde Park Owner, LLC, Appellant, v Dutchess County Legislature et al., Respondents, et al., Defendant. [22 NYS3d 501]—

In a hybrid action, inter alia, for a judgment declaring that a special assessment imposed on the plaintiff/petitioner's real property is unlawful, unconstitutional, and invalid, and, in effect, proceeding pursuant to CPLR article 78 to review a determination of the Board of Benefit Assessment Review of Dutchess County dated October 25, 2012, the plaintiff/petitioner appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated December 11, 2013, which granted the motion of the defendants/respondents Dutchess County Legislature and County of Dutchess for summary judgment dismissing the complaint/petition insofar as asserted against them and denied its cross motion for leave to amend the complaint/petition.

Ordered that the notice of appeal from so much of the order as granted those branches of the motion of the defendants/respondents Dutchess County Legislature and County of Dutchess which were for summary judgment dismissing the causes of action asserted, in effect, pursuant to CPLR article 78 insofar as asserted against them, and denied that branch of the plaintiff/petitioner's cross motion which was for leave to amend the petition is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701 [c]; Hertzel v Town of Putnam Val., 131 AD3d 921 [2015]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendants/respondents Dutchess County Legislature and County of Dutchess which were for summary judgment dismissing the first, third, fourth, fifth, sixth, and eighth causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying the plaintiff/petitioner's cross motion for leave to amend the complaint/petition, and substituting therefor a provision granting the plaintiff/petitioner's cross motion; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff/petitioner.

Dutchess County administers a county-wide water district in accordance with the provisions of County Law article 5-A (see Public Authorities Law § 1142). With the assistance of the Dutchess County Water and Wastewater Authority (hereinafter the DCWWA) (see Public Authorities Law § 1123), the County adopts annual benefit assessment tax rolls for zones of assessment in the water district (see Local Law No. 4 [1999] of Dutchess County).

In early 2012, the plaintiff/petitioner (hereinafter the plaintiff) purchased an undeveloped parcel of approximately 339 acres, located in the County. Soon thereafter, the plaintiff paid outstanding water district benefit assessments on the property for the years 2010 and 2011, and then paid the assessment for the year 2012.

On September 15, 2012, the DCWWA notified the plaintiff that the tentative benefit assessment roll for the year 2013 included an assessment of $134,342.17 on its property. The plaintiff timely filed a grievance objecting to the tentative assessment and appeared at a grievance hearing before the Board of Benefit Assessment Review (hereinafter BBAR) on October 25, 2012. The BBAR denied the grievance at the hearing, and the tentative assessment for the plaintiff's property was included in the final assessment roll for 2013 adopted by the County Legislature prior to December 31, 2012.

In December 2012, the plaintiff commenced this hybrid action for a judgment declaring that the water district special assessment it had just challenged in the administrative procedure (which the complaint/petition referred to as the "2012 special assessment") is unlawful, unconstitutional, and invalid, and for a refund of all special assessments previously paid, and, in effect, proceeding pursuant to CPLR article 78 to annul BBAR's determination. The County Legislature and the County (hereinafter together the County) moved for summary judgment dismissing the complaint/petition (hereinafter the complaint) insofar as asserted against them. Noting that the plaintiff had, in fact, unsuccessfully grieved the special assessment for 2013, the County argued, in part, that the plaintiff's claims regarding the special assessments for 2012 and prior years were barred for failure to exhaust administrative remedies and time-barred under the four-month statute of limitations applicable to CPLR article 78 proceedings. The plaintiff cross-moved for leave to amend the complaint to correctly identify the year of the special assessment at issue as "2013" rather than "2012." The Supreme Court denied the plaintiff's cross motion and granted the County's motion on the

grounds of failure to exhaust administrative remedies and expiration of the four-month statute of limitations.

"A petition to review a tax assessment may be amended if the change corrects a defect in form rather than adding a matter of substance because 'the taxpayer's right to review should not be defeated by technicalities' " (*Matter of Plaro Estates, Inc. v Assessor*, 101 AD3d 886, 888 [2012], quoting *Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 127 [1985]). "[T]he law regarding real property assessment proceedings is 'remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality' " (*Matter of Garth v Board of Assessment Review for Town of Richmond*, 13 NY3d 176, 180 [2009], quoting *Matter of Great E. Mall v Condon*, 36 NY2d 544, 548 [1975]). In reviewing the pleading requirements in real property assessment proceedings, "the Court of Appeals has outlined a two-pronged inquiry: (1) whether the respondent received adequate notice of the commencement of the proceedings, and (2) whether any substantial right of the entity would be prejudiced by disregarding the defect or irregularity" (*Matter of Plaro Estates, Inc. v Assessor*, 101 AD3d at 888, citing *Matter of Great E. Mall v Condon*, 36 NY2d at 548). "The burden of proving prejudice is upon the respondent" (*Matter of Plaro Estates, Inc. v Assessor*, 101 AD3d at 888).

Here, the defect in misidentifying the year of the special assessment at issue was technical and not jurisdictional. The complaint and its attached exhibits gave the County adequate notice of the actual assessment at issue, and the County failed to prove that a substantial right would be prejudiced by disregarding the defect (*see Matter of Miller v Board of Assessors*, 91 NY2d 82, 87 [1997]; *Matter of Great E. Mall v Condon*, 36 NY2d at 548-549; *Matter of Plaro Estates, Inc. v Assessor*, 101 AD3d at 888; *Matter of Astoria Fed. Sav. & Loan Assn. v Board of Assessors*, 212 AD2d 600, 601 [1995]). Accordingly, the Supreme Court should have granted the plaintiff's cross motion for leave to amend the complaint and determined the County's motion for summary judgment as addressed to the amended complaint. As the relevant issues were argued before the Supreme Court and have been briefed by the parties on appeal, we address them in the first instance in the interests of judicial economy (*see Dockery v Sprecher*, 68 AD3d 1043, 1046 [2009]).

With respect to those branches of its motion which were for summary judgment dismissing the first, third, fourth, fifth,

sixth, and eighth causes of action, the County relies, inter alia, on the fact that "special assessments are presumed to be valid, regular and legal and . . . the burden of rebutting the presumption falls upon the landowner" (*Matter of Pokoik v Incorporated Vil. of Ocean Beach*, 143 AD2d 1021, 1022 [1988]; *see Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d 1004, 1007 [2009]), and that "a determination by a board with respect to the amount of benefit conferred on properties by improvements involves the exercise of the legislative power which will not be interfered with unless it is shown to be so arbitrary or palpably unjust as to amount to a confiscation of property" (*Matter of New York State Dormitory Auth. v Board of Trustees of Hyde Park Fire & Water Dist.*, 206 AD2d 483, 484 [1994], *mod* 86 NY2d 72 [1995]; *see Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d at 1007). The County's motion papers, however, failed to establish, prima facie, that the factual allegations in the complaint, as amplified by the exhibits attached thereto, were insufficient to overcome the presumption of validity. Accordingly, those branches of the County's motion for summary judgment should have been denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

By contrast, with respect to those branches of its motion which were for summary judgment dismissing the second, seventh, and ninth causes of action, the County established its prima facie entitlement to judgment as a matter of law. Specifically, with respect to the second cause of action, which alleged that the County unlawfully delegated its taxing power to the DCWWA, the County established, prima facie, that it retained the ultimate authority to adopt final assessment rolls (*see* Local Law No. 4 [1999] of Dutchess County §§ 8, 9). With respect to the seventh cause of action, which sought the reimbursement of special assessments previously paid by the plaintiff, the County established, prima facie, that the plaintiff failed to exhaust its administrative remedies by grieving the special assessments for the years 2010, 2011, and 2012 before BBAR and, in any event, failed to challenge such assessments within the four-month statute of limitations (*see Press v County of Monroe*, 50 NY2d 695, 701-704 [1980]; Local Law No. 4 [1999] of Dutchess County § 10). With respect to the ninth cause of action, which alleged that the County was required to raise funds for the water district with ad valorem assessments pursuant to County Law § 270, the County established, prima facie, that, pursuant to Public Authorities Law § 1142 and

County Law article 5-A, it was entitled to raise revenue by either special ad valorem levies under County Law § 270 or special assessments under County Law § 271 (*see Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 376-377 [1975]). In opposition to these prima facie showings, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.