Abelesz v City of New York (2019 NY Slip Op 06461)





Abelesz v City of New York


2019 NY Slip Op 06461


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-11249
 (Index No. 504923/17)

[*1]Ernest Abelesz, etc., appellant,
v
City of New York, et al., respondents.


Eli S. Fixler, Brooklyn, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Melanie T. West and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, trespass, and nuisance, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 26, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff, as the trustee of the A & L Family Trust (hereinafter the Trust), commenced this action by filing a summons and complaint in March 2017. The plaintiff alleged that the defendant New York City Department of Buildings (hereinafter the DOB) issued a notice of violation relating to excavation work on property that the Trust owned. On December 16, 2015, the defendant New York City Department of Housing Preservation and Development (hereinafter the HPD) sent a letter to the Trust which required the Trust to take certain remedial action with respect to the property. The letter further provided that "[u]nless the [DOB] issues a hold on the Emergency Declaration within three business days from the date of this notice, HPD will move forward to execute it." The letter further provided that if the Trust failed to act in accordance with the procedure set forth in the letter, the HPD would engage a contractor to cure the emergency condition on the property. The same day that the HPD issued the letter, it sent a contractor to the property to fill the rear yard with concrete. Although the plaintiff asked the DOB to order the contractor to stop this work, the DOB did not issue such an instruction, and the contractor finished filling the yard on December 17, 2015. The defendants later placed a tax lien on the property for the aforementioned work. On October 18, 2016, the HPD denied the plaintiff's protest of that lien.
The defendants made a pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
We disagree with the Supreme Court's determination that the plaintiff was challenging an agency determination and that this challenge should have been asserted in a CPLR article 78 proceeding. In the complaint, the plaintiff asserted causes of action to recover damages resulting from the defendants' alleged reckless and negligent conduct, trespass, nuisance, and prima [*2]facie tort, in causing a contractor to enter the subject property and to backfill the rear yard with concrete without providing the plaintiff an opportunity to take remedial action. These causes of action sound in tort, and were not barred by the four-month statute of limitations applicable to CPLR article 78 proceedings (see CPLR 217; Hertzel v Town of Putnam Val., 131 AD3d 921, 925).
Contrary to the defendants' contention, the action taken by the defendants did not constitute a discretionary act that was immune from liability. The complaint alleged, inter alia, that the defendants failed to give the plaintiff an opportunity to remedy the alleged emergency condition, by sending a contractor to backfill the property prior to the expiration of the three business days provided for in the HPD letter. This was not an alleged discretionary act immune from liability, but rather an alleged violation of the plaintiff's due process rights (see Calamusa v Town of Brookhaven, 272 AD2d 426, 427; Scott v Town of Duanesburg, 176 AD2d 989, 992; cf. California Suites, Inc. v Russo Demolition Inc., 98 AD3d 144).
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court