Paulino v 335 Grand Realty, Ltd (2024 NY Slip Op 50385(U))

[*1]

Paulino v 335 Grand Realty, Ltd

2024 NY Slip Op 50385(U)

Decided on April 8, 2024

Supreme Court, Kings County

Frias-Colon, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 8, 2024
Supreme Court, Kings County

Bienvenido Paulino, Plaintiff,

against
335 Grand Realty, Ltd; Hing Nio Hinny Ling, a.k.a. Henny Ling Hing Nio; Chu Henny; New York Fast General Contracting Corporation; Basic Groups Corp.; Basics Group Info.; Ko Shek Wong P.E.; Steel Tone Construction, Inc.; Peng Lu; Lauro Loja; Next Solutions City Corp.; Jennifer Russo, Russo Development Enterprises, Inc.; Aristelde Robespierre, P.E.; Aristilde-Galli Engineering Associates, LLC; Age Engineering, L.L.C.; City of New York; New York City Department Of Housing and Development; and New York City Department of Buildings, Defendants.

Index No. 528315/2019

For Plaintiff Bienvenido Paulino: 
Brendan Kombol of the Kombol Law Group, P.C., 340 Atlantic Avenue, Brooklyn, NY 11201, 646-382-4228, bkombol&commat;yellenlaw.com
For Defendant City:
Edward Murray of the New York City Law Department, 100 Church Street, 5-316, New York, NY 10007, 212-356-4036, emurray&commat;law.nyc.gov
For Defendants Russo and Russo Development Enterprises Inc:
David Etkind of Echtman &Etkind, LLC, 12 Marlette Place, White Plains, NY 10605, 212-757-2310, davidetkind&commat;yahoo.com
For Defendants Aristilde Robespierre, P.E., Age Engineering, LLC., and Aristilde-Galli Engineering Associates, LLC.:
John Sparling of Cullen and Dykman, LLP, One Battery Park Plaza, 34th Floor, New York, NY 10004, 212-701-4125, jsparling&commat;cullenanddykman.com

Patria Frias-Colón, J.

Recitation per CPLR §§ 2219 and/or 3212 of Papers considered on Review of Motion:
Papers NYSCEF Doc. #s:
Plaintiff's verified Complaint 2
Defendants City of New York, NYC HPD, and NYC Dep't of Buildings
Summary Judgment Mot. Seq. 7 164-181
Defendants Jennifer Russo and Russo Development Enterprises'
Summary Judgment Mot. Seq. 8. 184-197
Defendants Jennifer Russo and Russo Development Enterprises'
Partial Opposition to Summary Judgment Mot. Seq. 7 198-201
Defendants Age Engineering/Aristilde-Galli Engineering/A. Robespierre's
Partial Opposition to Summary Judgment Mot. Seq. 7 202-205
Defendants City of New York's Partial Opposition to Summary
Judgment Mot. Seq. 8 206-207
Defendants Age Engineering, Aristilde-Galli Engineering, A. Robespierre's
Cross-Motion for Summary Judgment Mot. Seq. 9 210-233
Defendants Jennifer Russo and Russo Development Enterprises'
Reply in Support of Summary Judgment Motion Seq. 8 234
Plaintiff's Opposition to Summary Judgment Mot. Seq. 7-9 235-247
Upon the foregoing cited papers and following oral argument on April 12, 2023, pursuant to CPLR §§ 3211(a)(2), and 3212, the Decision and Order on Defendants City of New York, New York City Department of Housing Preservation and Development ("HPD") and New York City Department of Buildings' ("DOB", and collectively the "City Defendants") Motion for Summary Judgment and Dismissing the complaint and all crossclaims against it (Motion Sequence 7), Defendants Jennifer Russo and Russo Development Enterprises' ("Russo Defendants") Motion for Summary Judgment and Dismissing the complaint and all crossclaims against it (Motion Sequence 8), and Defendants Age Engineering, Aristilde-Galli Engineering Associates, and Aristilde Robespierre's ("Age Engineering Defendants") Cross-Motion for Summary Judgment and Dismissing the complaint and all crossclaims against it (Motion Sequence 9), is as follows:
All three motions are GRANTED.
BACKGROUND
On or about January 31, 2019, the DOB issued an "Immediate Emergency Declaration" ("IED") for Plaintiff's building located at 331 Grand Street in Brooklyn. See NYSCEF Doc. # 166. The DOB inspector's January 28, 2019 assessment, following a DOB January 25, 2019 inspection of the property was that 331 Grand Street could not be "made safe" without, inter alia, "full demolition". Id.
The DOB January 25, 2019 inspection resulted in the issuance of three summonses against Plaintiff alleging that work had been done at 331 Grand Street without required permits in violation of three New York City Administrative Code sections. See NYSCEF Doc. # 169. The City of New York's Office of Administrative Trials and Hearings ("OATH") held a hearing on May 10, 2021 regarding said summonses that were sustained. See NYSCEF Doc. # 170 at 3, 7, 11. The OATH Hearing Officer sustained the violations noting that Plaintiff conceded that the work at issue had been done without permits and finding that the work was a "contributing factor" in creating a "condition [that] was so dangerous that injury and death could result." Id. It appears from New York City Department of Environmental Protection ("DEP") records that Plaintiff paid the fines assessed for these violations and did not appeal the OATH [*2]determinations. See NYSCEF Doc. # 171.
In New York County Supreme Court, Plaintiff filed an Order to Show Cause ("OSC") on or about February 28, 2019 under Index # 100269/2019 (In the Matter of the Application of Bienvenido Paulino, Petitioner, for a Judgment Under Article 78 of the CPLR, against the City of New York et al.), seeking vacatur or stay of the DOB's emergency declaration. See NYSCEF Doc. # 167. In his OSC, Plaintiff claimed that HPD and DOB's determination and actions were made in violation of lawful procedures, were affected by an error of law, were arbitrary and capricious, lacked a rational basis in fact or law, and/or Plaintiff was denied a reasonable opportunity to make the remedies sought in the IED. Id. at 6-8, 17.
On March 1, 2019, New York County Supreme Court conducted a hearing on the OSC (Frank, J.). See NYSCEF Doc. # 168. During said hearing, which commenced after demolition of the building had begun, a DOB engineer testified he went to Grand Street on January 25, 2019, because of a partial collapse of the wall separating 331 and 335 Grand Street. See NYSCEF Doc. # 168 at 14. After Plaintiff had an engineer testify on his behalf, the Court denied the petition. See NYSCEF Doc. # 168 at 44-45. Upon denying Plaintiff's application, the Court added that "there is no future date at this point. Obviously, Counsel [for Plaintiff], if you want to take a new index number and bring additional actions, you can." Id.
By summons and complaint filed December 31, 2019 in Kings County Supreme Court under the instant index number, Plaintiff sued all of the Defendants referenced in the first two paragraphs supra, for damages 1) to his property arising from, depending on the particular Defendants, improper and illegal construction done at the adjacent property of 335 Grand Street in 2017; 2) as a result of permits issued by the City Defendants beginning on February 15, 2017 allowing that work to be done at 335 Grand Street; and 3) beginning on or about February 9, 2019, demolition work at Plaintiff's property was allowed to continue without notice to Plaintiff and in violation of the New York City Administrative Code, the New York City Charter, and the New York State and United State constitutions. See NYSCEF Doc. # 2 at 14-40, 45-51; 78-88; 110-115; see also NYSCEF Doc. # 1. The complaint contained twenty-two (22) causes of action,[FN1]
of which numbers 1, 2, 10-14, 19, 20, 21B (materials used, design plans and supervision were negligent and below industry standards), 21C (negligent demolition by Russo and Age Defendants to the benefit of 335 Grand Realty Defendant), 21D (negligent construction by Russo and Age Defendants benefitting 335 Grand Realty Defendant while depriving Plaintiff ability to cure) and 21E (Defendants intentionally and/or negligently instructed contractor to backfill rear-yard with concrete) alleged facts explicitly or implicitly inculpating the City Defendants, while causes of action 3—9, 15-18, and 21A (trespass during excavation causing vermin and leaks) appeared to target the remaining Defendants. See NYSCEF Doc. #2.
In addition, Plaintiff alleged that the Russo Defendants and Age Engineering Defendants had a conflict of interest because they were contracted by the City Defendants to perform demolition work of Plaintiff's building and agreed to contract with Defendant 335 Grand Realty to perform corrective work to shore-up the building at 335 Grand Street. See NYSCEF Doc. # 2 [*3]at 19, 41-45. Plaintiff further alleges that the City Defendants' actions have rendered Plaintiff subject to claims by its tenants for relocation expenses. See NYSCEF Doc. # 2 at 38.
Discussion
On a motion to dismiss under CPLR § 3211(a)(2) on the grounds that a court does not have jurisdiction of the subject matter, the defendant bears the burden of demonstrating why the case is outside the court's original, unlimited and unqualified jurisdiction. See generally 21st Century Pharm. v. Am. Int'l Group, 195 AD3d 776, 778 (2nd Dep't 2021) ("As a 'court of original, unlimited and unqualified jurisdiction' [cites omitted], the. . . Supreme Court is vested with general original jurisdiction" [citing NY Const, art, VI § 7{a}]); In re Albert F., 5 AD3d 5, 11 (2nd Dep't 2004). 
CPLR § 3211(a)(7) provides that a party may move for a judgment dismissing causes of action when the pleading fails to state one. In determining if a cause of action exists, the Court examines whether it can fairly and reasonably determine one is pleaded that is cognizable by the courts. See generally Rose Lee Mfg. v. Chem. Bank, 186 AD2d 548, 550 (2nd Dep't 1992) ("The pleading is deemed to allege whatever can be implied from its statements by fair and reasonable intendment. . . [and] 'a party may supplement. . . his pleadings by conclusory allegations. . . ." [cites omitted]); Carroll-Ratner Corp. v. New Rochelle Municipal Housing Authority, 178 AD2d 397 (2nd Dep't 1992); Kline v. Schaum, 173 Misc 2d 108, 109 (App. Term 2nd Dep't 1997).
Pursuant to § 643 of the New York City Charter, DOB is authorized to enforce the laws that govern, inter alia, the construction, alteration, maintenance, use and occupancy of buildings or structures in New York City. In addition, pursuant to § 643, DOB is empowered to remove or remedy unsafe conditions and demolish unsafe buildings. The DOB has the authority and mandate to protect the public from a structure that is at risk of collapse and to determine when an emergency condition exists in a structure, requiring the City to take immediate steps to abate it. See Admin. Code § 28-215.1; see also City Charter § 1802 (granting HPD additional authority to execute the demolitions). If the DOB determines that any part of a structure is in imminent danger of collapse and the exigency of the situation is such that any delay may cause further danger to the public safety, then it may direct HPD to perform or arrange emergency demolition of such structure or part thereof or such other work to make it safe. See Admin. Code § 28-215.1.
The Court must examine the substance of the action and, upon doing so, "where it is determined that the parties' dispute can be, or could have been, resolved in an action or proceeding for which a specific limitation period is statutorily required, that limitation period governs." Vil. of Islandia v. County of Suffolk, 162 AD3d 715, 716 (2nd Dep't 2018) (wherein defendant county claimed that the four-month SOL under Article 78 applied to the plaintiff village's challenge to the county agency's adjudication of village parking violations rather than six-years under CPLR § 213[1]).
The City Defendants argue that the claims in Plaintiff's instant complaint parallel the language of CPLR § 7803, which sets forth the grounds that may be raised in an Article 78 proceeding. As an example, the City Defendants point to Plaintiff's 1st cause of action (see NYSCEF Doc. # 2 at 20, paragraph 137) alleging that Defendants' demolition of his building was arbitrary and capricious, done in excess of proper authority and constituted an abuse of power. In, Plaintiff 2nd cause of action, he alleges that DOB's IED was unlawful because it was [*4]arbitrary and capricious and lacked rational basis in fact and law. See NYSCEF Doc. # 2 at 23, paragraph 156. The City Defendants point to additional examples of causes of actions, e.g., numbers 10 through 12, wherein Plaintiff advances CPLR Article 78 relief terminology. 
The Court now turns to whether Plaintiff's instant causes of action against the City Defendants are subject to the four-month statute of limitations ("SOL") period for Article 78 claims. See CPLR § 217(1); see also Abelesz v. City of New York, 175 AD3d 1225 (2nd Dep't 2019); T-Rex Hyde Park Owner, LLC v. Dutchess County Legislature, 134 AD3d 1024 (2nd Dep't 2015); Hertzel v. Town of Putnam Val., 131 AD3d 921, 924 (2nd Dep't 2015).
In Hertzel v. Town of Putnam Val., after a flood, defendant Town inspected plaintiffs' business property and determined that plaintiffs' building and retaining wall had been damaged and become unsafe and directed plaintiff to fix it. See 131 AD3d at 923. After the town determined that the fix was inadequate and that further flooding could cause structures on the property to contaminate the water supply, the Town demanded immediate remedial action, including demolition by August 4, 2008, which plaintiffs failed to do and the Town contracted to do so. Id. Pursuant to the Town's statutory code, it added the repair cost to plaintiffs' tax bill. Id. In 2009, via summons and complaint, plaintiffs sought to recover damages for injury to the subject property and, in effect, also used CPLR Article 78 language to challenge the Town's determination to perform the repairs, thereby making it a "hybrid" action. Id. at 924.
In Hertzel, of the approximate eight (8) causes of action, the Appellate Division, Second Department agreed with the court below that the causes of action challenging the administrative decisions and tax assessment constituted requests for relief pursuant to Article 78, regardless of the form in which they were pleaded and should be dismissed as beyond the four-month SOL. Id. However, the Appellate Division reversed the court's granting of summary judgment against plaintiffs for three (3) other causes of action seeking damages for the destruction of property. Id. The Court held that "Pursuant to CPLR § 7806, where a CPLR article 78 petitioner seeks damages as well as the annulment of a governmental determination, '[a]ny restitution or damages granted to the petitioner must be incidental to the primary relief sought by the petitioner, and must be such as he might otherwise recover on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer. . . .'" Id at 924-925. The Appellate Division further held that "where the thrust of the lawsuit is the review of an adverse agency determination, with the monetary relief incidental, the Supreme Court may entertain the entire case". Id. The Second Department added that "whether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim, is dependent upon the facts and issues presented in a particular case." Id. at 925. "Contrary to the Supreme Court's determination, the claims asserted in the first, second and eighth causes of action were not incidental to the plaintiffs' CPLR article 78 challenges to the agency determination and tax assessment. . . and were not asserted in connection with the CPLR article 78 portion of this hybrid/proceeding and were not barred by the four-month statute of limitations" pursuant to CPLR Article 78 and CPLR § 217(1). Id.
With respect to subsequent Appellate Division cases that cited Hertzel regarding applicability of the four-month Article 78 SOL, the holdings varied. In Abelesz v. City of New York, 175 AD3d 1225 (2nd Dep't 2019), plaintiff filed a summons and complaint in March 2017 challenging the City defendant on a violation notice issued through its proxy defendant DOB relating to excavation work performed by plaintiff. Fifteen months prior to the lawsuit, in connection with an IED issued by DOB, co-defendant HPD ordered plaintiff to immediately [*5]perform certain remediation on its property, which HPD ended up contracting to do instead on the very day it issued said order. See 175 AD3d at 1225. HPD subsequently placed a tax lien on the property and, in October 2016, HPD denied Plaintiff's lien protest. Id. The Supreme Court granted the City's CPLR § 3211(a) motion to dismiss the complaint, finding that Plaintiff's challenge to HPD's determination should have been asserted in a CPLR article 78 proceeding and was now barred by the four-month SOL applicable to CPLR article 78 proceedings. Id. at 1226. But the Appellate Division disagreed, finding that plaintiff asserted causes of action alleging "negligent conduct, trespass, nuisance, and prima facie tort," when defendants allowed a contractor to do the remedial work rather than provide plaintiff an opportunity to do so, and that these "causes of action sound in tort, and were not barred by [Article 78's] four-month [SOL]. . . ." Id. Significantly, the Appellate Division noted that, by sending a contractor to remedy the property on the same day it issued its order to plaintiff, HPD violated its own three-day-notice requirement provided for in its letter, thereby providing support for plaintiff's claim that his due process rights had been violated. Id.
In T-Rex Hyde Park Owner, LLC v. Dutchess County Legislature, plaintiff purchased land in "early 2012" and then paid arrears and the current year's (2013) water bill to the Dutchess County's Water and Wastewater Authority ("DCWWA"). See 134 AD3d at 1025. In September 2012, plaintiff unsuccessfully challenged the upcoming 2013 bill at an administrative hearing. Id. In December 2012, plaintiff sued in Supreme Court, claiming that the administrative denial was unlawful and unconstitutional and sought a refund for all of its prior payments. Id. The Court agreed with defendant Dutchess County that plaintiff's refund claims were barred for its failure to exhaust administrative remedies and/or time-barred under Article 78's SOL. Id. at 1025-1026. But the Appellate Division partially reversed the Supreme Court's granting of summary judgment on some of plaintiff's causes of action. See id. at 1026. The Second Department agreed that plaintiff failed to exhaust its administrative remedies by never grieving the prior years' assessments and, in any event, failed to challenge them within the four-month SOL. See id. at 1027-1028. But where the plaintiff claimed that the DCWWA's assessments were so arbitrary or palpably unjust as to amount to confiscation of property", the Second Department found that the "County's motion papers. . . failed to establish. . . that the factual allegations in the complaint. . . were insufficient to overcome the presumption of validity." See id. at 1027.
In reviewing Plaintiff's the instant matter consisting of 22 causes of action and focusing on the allegations directly implicating the City Defendants, the following causes of action against the City Defendants are time-barred: the 1st cause of action (alleging violations of statutory regulations resulting in inadequate notice causing arbitrary deprivation of Plaintiff's property), the 2nd cause of action (alleging capricious and arbitrary action by an administrative agency), the 10th cause of action (alleging failure to follow the Administrative Code); the eleventh cause of action (alleging failure to follow IED procedures), and the 12th cause of action (failing to follow duty imposed by law when it determined that the building was unsafe and needed to be demolished); the 13th cause of action (alleging failure to follow IED procedures).
Paragraphs 139 and 199 of Plaintiff's complaint (see NYSCEF Doc. 2) allude to the DOB's summonses and, to a limited extent, the City Defendants correctly aver the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies by not filing an administrative appeal. See 48 R.C.NY § 6-09(a). The OATH hearing in the instant matter was essentially collateral, or of de minimus value, to the demolition events that had [*6]already commenced between the time of the issuance of the summonses in January 2019 and the OATH decision dated May 10, 2019, almost four months later, well-after the City Defendants had already put in motion the building's demolition. The City Defendants' argument that Plaintiff failed to exhaust his administrative remedies is misplaced and unpersuasive. Here the subject property was demolished on February 9, 2019, three (3) months before the issuance of the OATH decision on May 10, 2019.
There is sufficient basis to dismiss several other causes of action against the City Defendants. While some of Plaintiff's causes of action list in the sub-caption "All Defendants", causes of action numbers 3 through 9, 13, 15 through 18, and 21A, do not apply to the City Defendants. Accordingly, causes of action 3, 4, 5, 6, 7, 8, 9, 15 and 21A are also dismissed against all City Defendants because these causes of action are all inextricably linked to the causes of action that were dismissed as time barred.
As to causes of action 14, 16 through 20, and 21B, C, D, E and E, the City Defendants are not entitled to summary judgment based on expiration of the Article 78 four-month SOL as this Court cannot conclude that these monetary claims were incidental to the Plaintiff's Article 78 challenges and were not asserted in the OSC. See Hertzel, 131 AD3d at 925; see generally CPLR § 214. The Court construes said causes of action to be rooted in alleged negligence, which has a three-year SOL. The question remains whether the City Defendants are entitled to summary judgment on other grounds as a matter of law despite causes of action rooted in the alleged negligence.
Bearing that in mind, the Court turns to determining whether it should apply the reasoning in Hertzel (supra) and Abelesz [FN2]
 where causes of action alleging negligence against municipalities were allowed to proceed despite the discretionary nature of the action in question. The City Defendants cite Valdez v. City of New York, 18 NY3d 69, 76 (2011), where the Court of Appeals reiterated the principle that a public employee's discretionary acts, i.e., conduct involving the exercise of reasoned judgment, may not result in the municipality's liability even when the conduct is negligent. Id.
In addition to considering whether Plaintiff established the requisite elements of a negligence claim, the Court must determine what type of negligence existed within the underlying facts; was the claim based on actions that were proprietary in nature or taken strictly as a government function? See the analysis set forth in Ferreira v. City of Binghamton, 38 NY3d 298 (2022). Prior to this analysis, "Plaintiffs must establish that a municipality owed them a special duty when they assert a negligence claim based on actions taken by a municipality acting in a governmental capacity". See id. at 304. Once the nature of the duty is established, the final determination of whether municipal liability exists can be made. In Canberg v. County of Nassau, 214 AD3d 943 (2nd Dep't 2023), the Court reiterates the principle that a municipality will be immune from civil liability if it was acting in a governmental capacity in undertaking acts for the protection and safety of the public pursuant to the general police powers. See 214 AD3d at 945. After being sued for negligence, the County was absolved of liability for its police officer's role in assisting emergency medical workers in transporting an injured plaintiff who suffered a seizure. Id. The Court ruled in favor of the County despite Plaintiff's assertion that Nassau County was negligent in caring for the injured Plaintiff, because additional injury [*7]occurred due to the actions of the Nassau County Police officer. Id.
Here, Plaintiff established that the City Defendants owed a special duty to him given the testimony of the City engineer that "knowledge on the part of the municipality's agents that inaction could lead to harm". Applewhite v Accuhealth, Inc., 21 NY3d 420, 423 (2013). The City Defendants were aware of the issue and established the special nature of the relationship by sending an inspector in response to reports of a collapse. The inspector testified he visited 331 Grand on January 25, 2019. See NYSCEF Doc. # 168 at 14. The inspector evaluated the scene and determined that the collapsed party wall put the building in imminent danger of collapsing. At that time no IED was made, rather the engineer instructed plaintiff to secure his own construction firm to demolish the building because the building site was unsafe. Id.
Notwithstanding that Plaintiff established the existence of a special relationship, Plaintiff has failed to sustain a claim of negligence against the City. When the engineer returned to the site on Monday January 28, he discovered that Plaintiff did not follow his instructions. Instead, Plaintiff shored up an unsafe building without the required permit, further endangering the public. See NYSCEF Doc. # 168 at 15. Although Plaintiff was given extra time to have the building demolished, instead shored-up an unsafe building. 
Although Plaintiff's expert testified the subject building could be made safe by layering a tarp over the exposed portions of the building interior (See NYSCEF Doc. # 168 at 29), there was no indication when this tarp would be laid or how the tarp would address all potential destabilizing factors: the building had no roof (See NYSCEF Doc. # 168 at 10); the upcoming weather was predicted to be both windy and snowy with the potential for a freeze-thaw cycle; the suggested tarp would have been used to keep out wet elements, critical since it was a snowy rainy weekend at the end of January, but Plaintiff's expert was unable to definitively confirm the building was not in danger of imminent collapse danger.
The moving Defendants have presented sufficient evidence to sustain the assertion that they are immune from liability for negligent or intentional acts because the nature of the City Defendants' acts were discretionary actions taken during the performance of governmental functions. The City took necessary action and ordered an IED after Plaintiff was given an opportunity to address the issue of the dangerous condition caused by the partial collapse of Plaintiff's building. Both the City and the Plaintiff's experts could not testify that the building was stable enough to remain standing considering the weather conditions that were both in existence on the day of the inspection and predicted to occur over the course of the weekend that Plaintiff was given to hire a demolition team. The City Defendants took control of a situation that, if left unaddressed, would have caused great public harm had the building collapsed.
Because Plaintiff has failed to establish the City is liable for any of the damages asserted in causes of action 14, 16, 17, 18, 19, 20, 21B through 21E those causes of action are dismissed. Although the City Defendants had a special duty to Plaintiff, it was Plaintiff's own disregard for the orders given to him that led to the IED and subsequent demolition of 331 Grand street, not any alleged negligent act by the City. Consequently, these causes of action are dismissed.
Finally, the Russo Defendants and the Age Engineering Defendants respective Motions for Summary Judgment are granted. These Defendants are entitled to summary judgement because the City is not liable and all claims have been dismissed against it. Since these two Defendants joined the City Defendants' motion, their respective motions are also granted and the causes of action against each of them are also dismissed with prejudice.
[*8]Conclusion
The Russo Defendants' motion for summary judgment and dismissal of the complaint and all crossclaims against it is granted. Defendant Age Engineering's cross-motion for summary judgment and dismissal of the complaint and all crossclaims against it is granted. The City Defendants' summary judgment motion as to causes of action numbers 3 through 9, 13, 15 through 18, and 21A are dismissed because they do not apply to the City Defendants. Additionally, the City Defendants' motion to dismiss causes of action 1 through 12, 15, 18, 21A 14, 16, 17, 19, 20, 21B through 21E as well as any crossclaims against them is also granted.
This constitutes the Decision and Order of this Court.
Date: April 8, 2024
Brooklyn, New York
Hon. Patria Frias-Colón, J.S.C.

Footnotes

Footnote 1:Plaintiff's complaint captions the "TWENTY-FIRST [CAUSE] OF ACTION" five times (see NYSCEF Doc. # 3 at pages 47 - 51 [paragraphs 277 through 307]), with paragraph 308 beginning the 22nd cause of action. For purposes of clarity in this opinion, this Court has sub-labeled the 21 causes of action as 21A, 21B, 21C, 21D and 21E.

Footnote 2:Abelesz v. City of New York, 175 AD3d 1225 (2nd Dep't (2019)