Eshaghian v Roshanzamir (2020 NY Slip Op 00540)





Eshaghian v Roshanzamir


2020 NY Slip Op 00540


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


10894N 652577/12

[*1] Elyass Eshaghian, Plaintiff-Respondent, Baruch LLC, Plaintiff,
v
Asher Roshanzamir, Defendant-Appellant. 
Michael Roshanzamir, Intervenor-Defendant. 
Lawrence A. Mandelker, Escrow Agent.


Wolf Haldenstein Adler Freeman & Herz LLP, New York (Daniel Tepper of counsel), for appellant.
Wilk Auslander LLP, New York (Stuart M. Riback of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 22, 2018, which, to the extent appealed from, directed the parties' escrow agent to distribute the entirety of the remaining escrow funds in the amount of $171,515.00 to plaintiff Elyass Eshaghian, unanimously reversed, on the law, with costs, and the relevant parties directed to return said funds to escrow pending further proceedings.
It is clear from a plain reading of paragraph 9 of the settlement agreement that the holdback provision was intended for the sole purpose of apportioning the building's net income for the three-month period between September 1, 2016 and closing, and nothing more (W.W.W. Assoc. v Giancontieri , 77 NY2d 157, 162 [1990]). The holdback provision is the only provision within paragraph 9 providing for the placement of funds in escrow, as well as the only provision providing that it was to "survive closing." Unlike the net income adjustment, the sole remedy for any claim against Asher Roshanzamir for a reduction of the purchase price based on an alleged mortgage deficiency was to sue him on the settlement agreement (see e.g. CBS Inc. v Ziff-Davis Publ. Co. , 75 NY2d 496 [1990]).
The language of paragraph 9(a) also confirms that the settlement agreement should not allow for all post-closing adjustments to be charged against the holdback. Specifically, paragraph 9(a) provides that in the event of a mortgage deficiency there was an adjustment to be made to the "Purchase Price." However, "Purchase Price" and "Additional Consideration" are specifically defined terms, referring to distinct categories of money separate from the holdback. Indeed, Asher Roshanzamir paid Eshaghian the $6 million "Purchase Price" and the $2 million "Additional Consideration" at closing, net of adjustments. It necessarily follows that ordinary [*2]"adjustments" to the "Purchase Price" were not to be made after the closing.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK