Matter of Mulgrew v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2021 NY Slip Op 02608)





Matter of Mulgrew v Board of Educ. of the City Sch. Dist. of the City of N.Y.


2021 NY Slip Op 02608


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 100347/19 Appeal No. 13705 Case No. 2020-03178 

[*1]In the Matter of Michael Mulgrew, etc., Plaintiff/Petitioner-Appellant,
v
Board of Education of the City School District of the City of New York, et al., Defendants/Respondents-Respondents.


Office of Robert T. Reilly, New York (Christopher Lewis of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered January 16, 2020, granting respondents' (DOE) motion to dismiss, for failure to state a cause of action, the complaint-petition alleging breach of contract and an arbitrary and capricious determination with respect to DOE's failure to give retroactive raises to union-member managers provided to City-wide managerial employees paid pursuant to the Pay Plan for Management Employees by the Mayor's Personnel Order dated November 14, 2018, and dismissing this hybrid CPLR article 78 proceeding, unanimously affirmed, without costs.
The "complete, clear and unambiguous" terms of the Settlement Agreement in question (see Marin v Constitution Realty, LLC, 28 NY3d 666, 673 [2017] [internal quotation marks omitted]) require that union-member managers receive the same salary increases received by nonunion managers "[u]ntil an agreement is reached," i.e., only so long as collective bargaining negotiations between DOE and petitioner, as president of the union (UFT), are ongoing. The complaint-petition alleges that the nonunion managers received the raise in question on or about the date that the Mayor's order was issued, approximately one year after the UFT and DOE entered into the Memorandum of Agreement (MOA) that governs, inter alia, the salaries and benefits of the union-member managers. Thus, the receipt of the salary increase occurred outside the time period contemplated by the Settlement Agreement (see Eshaghian v Roshanzamir, 179 AD3d 596, 596 [1st Dept 2020]; compare Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404-405 [2009] [10-year sunset provision applied to entire letter agreement]). Petitioner's interpretation, that the Settlement Agreement requires the UFT-represented managers to receive retroactive raises granted even after the MOA has taken effect, would inappropriately "add or excise terms or distort the meaning of . . . particular words or phrases" (Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 31 NY3d 1002, 1006 [2018] [internal quotation marks omitted]). Thus, the breach of contract claim was correctly dismissed (see CPLR 3211[a][7]).
The claim that the failure to provide the raise to the union-member managers was arbitrary and capricious was correctly dismissed for the reasons stated above (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 74 NY2d 222, 230-231 [1974]). Further, DOE determined rationally that the Mayor's Personnel Order, which applied to management-level employees "in active pay status in a position under the Pay Plan for Management Employees" as of the day before the raise was made retroactive "and in active status on the date of this order," excluded the union-member managers at issue. The complaint-petition alleges that the union-member managers' salaries were governed by the MOA, not the Pay Plan for Management [*2]Employees, when the MOA became effective in November 2017.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021