517-525 W. 45 LLC v New York City Dept. of Hous. Preserv. & Dev. (2024 NY Slip Op 01501)

517-525 W. 45 LLC v New York City Dept. of Hous. Preserv. & Dev.

2024 NY Slip Op 01501

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 654806/22 Appeal No. 1868 Case No. 2023-01395 

[*1]517-525 West 45 LLC, Appellant,
v
New York City Department of Housing Preservation & Development et al., Respondents.

Windels Marx Lane & Mittendorf LLP, New York (Jason M. Frosch of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 16, 2023, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court properly dismissed the complaint in its entirety based on its finding that plaintiff's claims were barred by the doctrine of res judicata. The May 18, 2021 order dismissing its earlier article 78 petition resolved the question of whether defendant NYC Department of Housing Preservation and Development (HPD) could be compelled to issue a cure completion certificate under the parties' cure agreement, barring this action (see Brooklyn Welding Corp. v City of New York, 198 AD2d 189, 189-190 [1st Dept 1993]). Here, although styled as breach of contract claims seeking various categories of relief, at its core, the complaint in this action seeks the identical relief—HPD's issuance of a cure completion certificate without further requirements imposed by HPD—that was requested and denied in the dismissed article 78 proceeding (see e.g. O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). As reflected by the May 18, 2021 order, plaintiff had a full and fair opportunity to litigate the question of whether HPD could be compelled to issue the cure completion certificate, which the article 78 court found to be a matter within HPD's discretion under the cure agreement (see 517-525 W. 45th LLC v New York City Dept. of Hous. Preserv. & Dev., 2021 NY Slip Op 31669[U], 12 [Sup Ct, NY County 2021], citing Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018] [internal quotation marks and brackets omitted]). Moreover, nothing precluded plaintiff from including its breach of contract claim in a "hybrid" article 78 proceeding arising from the same facts, which we have previously recognized to be appropriate in certain circumstances (see e.g. Matter of Mulgrew v Board of Educ. of the City Sch. Dist. of the City of N.Y., 193 AD3d 656 [1st Dept 2021]).
Plaintiff is incorrect that HPD is judicially estopped from asserting that the relief sounds in mandamus based on its arguments in the article 78 proceeding (see e.g. Gale P. Elston, P.C. v Dubois, 18 AD3d 301, 303 [1st Dept 2005]). The record reflects that HPD did not argue in support of dismissing the article 78 petition that mandamus was unavailable because the claim sounded in breach of contract. Rather, HPD contended that it could not be compelled to issue the cure compliance certificate because it was a matter of HPD's discretion under the cure agreement, and plaintiff agreed to submit to that discretion under section 11(b) of the cure agreement before the cure completion certificate issued. Therefore, the question is res judicata, irrespective of the legal theory advanced (Matter of Reilly v Reid, 45 NY2d 24, 29 [1978]).
We also agree that plaintiff failed to establish that it exhausted its administrative remedies (see Cross v Russo, 132 AD3d 454 [1st Dept 2015]). Here, the record [*2]reflects no finding of default or other circumstances that would preclude HPD from determining at some future point that plaintiff has cured the outstanding items in the agency's discretion, which defeats plaintiff's assertion that its compliance with the cure agreement is impossible (id.; see also Kolodin v Valenti, 115 AD3d 197, 200 [1st Dept 2014]). Plaintiff's similar contention that it is impossible to meet the requirements under the Loft Law and the related regulations while fulfilling its obligations under the cure agreement fails for the same reason, and for the additional reason that the overlapping legal requirements were expressly contemplated in the cure agreement, and therefore the impossibility was not "produced by an unanticipated event that could not have been foreseen or guarded against in the contract" (Kolodin v Valenti, 115 AD3d at 200). Nor is reformation of the cure agreement available as plaintiff neither pleaded nor demonstrated how the cure agreement fails to comport with the parties' original understanding of its obligations (see Chimart Assoc. v Paul, 66 NY2d 570, 574 [1986]). Plaintiff's contention that the declaratory relief should not have been dismissed is also unavailing, as the May 18, 2021 order resolved any justiciable controversy between the
parties (CPLR 3001; see also Kalisch-Jarcho, Inc. v City of New York, 72 NY2d 727, 732 [1988]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024